[Civ. No. 43912. First Dist., Div. Two. Sept. 1, 1978.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY,
Respondent;
STEVEN EDWARD GRILLI, Real Party in Interest.

508

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Dane R. Gillette, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Patrick R. Murphy, Public Defender, Ruth L. Young, Assistant Public Defender, and Jeffrey Bradley, Deputy Public Defender, for Real Party in Interest.

## Opinion

**KANE, J.**—In this extraordinary writ proceeding, the People seek mandate to compel respondent superior court to vacate its order granting the motion of defendant, real party in interest herein, to dismiss a count of attempted murder and all clauses alleging great bodily injury from an information. We have concluded that the People are entitled to relief, for the court exceeded its jurisdiction by failing to apply the relevant statutes and to follow controlling precedent (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; *People* v. *Superior Court (Orecchia)* (1976) 65 Cal.App.3d 842, 847 [134 Cal.Rptr. 361]).

The record shows that defendant was charged by complaint with violations of Penal Code,[1] section 261, subdivisions 2 (rape by force and violence) and 3 (rape by threats of great and immediate bodily harm) and section 288a (oral copulation, two counts) by reason of acts committed on December 5, 1977. At a preliminary hearing in which the magistrate made no factual findings, defendant was held to answer to the superior court on all counts.

The People thereafter filed an information, in which defendant was charged, on the basis of evidence adduced at the preliminary hearing, with violations of section 187 (attempted murder), section 261, subdivisions 2 and 3 (rape by force and threats), section 288a (oral copulation, two counts), and section 236 (false imprisonment). The information also contained clauses alleging great bodily injury with respect to each count, in accordance with the provisions of section 12022.7. The defendant noticed a motion to dismiss, pursuant to section 995; after a hearing on the motion, the court entered the order which is the subject of this proceeding.

We direct our attention, first, to an examination of the propriety of respondent court's order dismissing the count of attempted murder.

[1] Unless otherwise indicated, all references will be made to the Penal Code of California.

Although the charge of attempted murder was not named in the commitment order, an information may charge a defendant with "either the offense or offenses named in the order of commitment or *any offense or offenses shown by the evidence taken before the magistrate to have been committed.*" (§ 739; italics added.) ██ However, the rule has developed that an information charging an offense not named in the commitment order will not be upheld unless the evidence taken by the magistrate shows that the offense was committed and that it arose out of the transaction which was the basis for commitment on a related offense (*Pizano v. Superior Court* (1978) 21 Cal.3d 128, 133 [145 Cal.Rptr. 524, 577 P.2d 659]; *Jones v. Superior Court* (1971) 4 Cal.3d 660, 664-665 [94 Cal.Rptr. 289, 483 P.2d 1241]; *People v. Donnell* (1976) 65 Cal.App.3d 227, 231 [135 Cal.Rptr. 217]). The foregoing rule is subject to the qualification that an offense not named in the commitment order may not be added to the information if the *magistrate* made factual findings which are fatal to the asserted conclusion that the offense was committed (*Pizano v. Superior Court, supra,* 21 Cal.3d at p. 133). ██ The magistrate made no factual findings; the People were therefore entitled to charge any offense or offenses shown by the evidence taken before the magistrate to have been committed and which arose out of the transaction which was the basis for commitment on a related offense. ██ Defendant was not misled, for it is not the complaint, but the totality of evidence produced at the preliminary hearing, which notifies the defendant of the potential charges he may have to face in the superior court (*People v. Donnell, supra,* 65 Cal.App.3d at p. 233).

██ We need not detail the evidence produced at the preliminary hearing which shows the offenses of rape by force and threats, oral copulation and false imprisonment to have been committed, for defendant did not challenge the propriety of those charges. The People contend that the evidence taken before the magistrate shows, in addition, that the offense of attempted murder had been committed. We agree.

██ The elements of attempted murder are the intent to murder a human being and a direct but ineffectual act in furtherance of such intent, such act being more than mere preparation (*People v. Adami* (1973) 36 Cal.App.3d 452, 455 [111 Cal.Rptr. 544]; *People v. Van Buskirk* (1952) 113 Cal.App.2d 789, 792-793 [249 P.2d 49]).

██ The facts adduced at the preliminary hearing show that throughout the course of the indignities perpetrated upon the victim, defendant threatened to kill her. When the victim rolled out of her car in an attempt

to escape, defendant grabbed her, fell on her, and put his hand over her nose and mouth, causing her to have difficulty breathing. Defendant then said he was going to have to kill her; that he would show her how easily he could choke her; and he did so until the victim passed out. After she came to and began screaming, defendant put his hand over her mouth and told her she was dead. The victim again lost consciousness. When she awoke on her back with defendant on her, she could hear other voices and defendant saying, "they've caught us."

■ In a proceeding pursuant to section 995, the trial court is bound by well established rules of review: "An information will not be set aside if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. [Citation.]" (*People* v. *Hall* (1971) 3 Cal.3d 992, 996 [92 Cal.Rptr. 304, 479 P.2d 664]). " '[T]he question of the guilt or innocence of the defendant is not before the court, nor does the issue concern the quantum of evidence necessary to sustain a judgment of conviction. . . .' [Citation.] . . . Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information." (*People* v. *Hall, supra,* p. 996; cf. *People* v. *Superior Court (Orecchia), supra,* 65 Cal.App.3d at p. 845.)[2]

■ Drawing all reasonable inferences in favor of the information, it is clear that defendant had the intent, expressed by word and deed during the course of the conduct for which he was committed, to murder the victim. It is equally clear that defendant made a direct and unequivocal act toward that end by twice choking the victim into unconsciousness. It is reasonable to infer that defendant was dissuaded from killing her the second time he choked her only by the arrival of other people (*People* v. *Van Buskirk, supra,* 113 Cal.App.2d at p. 793). The evidence also establishes that the charge of attempted murder arose out of the same transactions for which defendant was committed. Threats to kill the victim were made throughout the defendant's entire course of conduct. The choking incidents followed the victim's attempt to escape from the defendant while the rape was in progress. Under all the circumstances,

[2]Respondent court's original minute order, entered on April 10, 1978, contained no findings. On April 19, 1978, after the People had filed their petition for mandate in this court, the court issued an amended minute order, which contains extensive findings. The findings contained in the amended minute order indicate that respondent court has totally misconceived its function on a section 995 motion. Its function is not to conduct a trial, but only to determine if there is "some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." (*People* v. *Hall, supra,* 3 Cal.3d at p. 996.)

the court exceeded its jurisdiction in dismissing the charge of attempted murder.

We turn now to the propriety of that portion of the court's order dismissing all the clauses alleging great bodily injury. The Legislature has determined, as a matter of public policy, that a person who subjects his victim to great bodily injury shall be punished by *an additional term of three years*, unless infliction of great bodily injury is an element of the offense of which he is charged.[3] Great bodily injury is not an element of any of the offenses of which defendant is charged.

■ The People contend that the fact of great bodily injury charged in an accusatory pleading pursuant to section 12022.7 may not be the subject of a motion to dismiss made pursuant to section 995.[4] We agree. Although section 12022.7 has been the subject of but limited judicial interpretation (*People* v. *Caudillo* (1978) 21 Cal.3d 562, 580-589 [146 Cal.Rptr. 859, 580 P.2d 274]), it is clear from judicial analysis of analogous enhancement statutes (§§ 12022, 12022.5) that its provisions *do not define a crime or offense* but relate to the *penalty* to be imposed under certain circumstances. (*In re Culbreth* (1976) 17 Cal.3d 330, 333 [130 Cal.Rptr. 719, 551 P.2d 23]; *People* v. *Strickland* (1974) 11 Cal.3d 946, 961 [114 Cal.Rptr. 632, 523 P.2d 672]; *In re Shull* (1944) 23 Cal.2d 745, 749 [146 P.2d 417]; *People* v. *Provencher* (1973) 33 Cal.App.3d 546, 549-550 [108 Cal.Rptr. 792]; *People* v. *Henderson* (1972) 26 Cal.App.3d 232, 237, fn. 4 [102 Cal.Rptr. 670]; *People* v. *Henry* (1970) 14 Cal.App.3d 89, 92 [91 Cal.Rptr. 841]; see also *People* v. *Najera* (1972) 8 Cal.3d 504, 511, fn. 6

---

[3]Section 12022.7 provides: "Any person who, with the intent to inflict such injury, personally inflicts great bodily injury on any person other than an accomplice in the commission or attempted commission of a felony shall, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he has been convicted, be punished by an additional term of three years, unless infliction of great bodily injury is an element of the offense of which he is convicted.

"As used in this section, great bodily injury means a significant or substantial physical injury.

"This section shall not apply to murder, manslaughter, assault with a deadly weapon or assault by means of force likely to produce great bodily injury under Section 245. The additional term provided in this section shall not be imposed unless the fact of great bodily injury is charged in the accusatory pleading and admitted or found to be true by the trier of fact."

[4]Section 995, in pertinent part, provides: "The . . . information must be set aside by the court in which the defendant is arraigned, upon his motion, in either of the following cases: . . .

"If it be an information: . . .

"2. That the defendant had been committed without reasonable or probable cause."

[105 Cal.Rptr. 345, 503 P.2d 1353].) That the provisions of section 12022.7 merely impose *additional punishment* for the felony or attempted felony committed under certain circumstances is apparent from the provision that the person "shall *in addition and consecutive* to the punishment prescribed *for the felony or attempted felony of which he has been convicted,* be punished by an *additional term* of three years, unless infliction of great bodily injury is an element of the offense of which he is convicted." (Italics added.)

Defendant in his motion to dismiss, challenged the inclusion in the information of only one offense, the charge of attempted murder.[5] Defendant did not in his motion to dismiss challenge the correctness of the magistrate's order committing him for the offenses of rape and oral copulation or the inclusion in the information of the charge of false imprisonment; with respect to those counts, he challenged only the inclusion of the enhancement of punishment allegations. Numerous cases have held that an examination under section 995, paragraph 2d, subdivision 2, is limited to determining "if there is some rational ground for assuming the possibility that an *offense* has been committed and the accused is *guilty* of it." (*Caughlin* v. *Superior Court* (1971) 4 Cal.3d 461, 464 [93 Cal.Rptr. 587, 482 P.2d 211], italics added; *People* v. *Hall, supra,* 3 Cal.3d at p. 996; *Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197].) Section 999 also envisions an *offense,* in that it provides that "An order to set aside an indictment or information, as provided in this chapter, is no bar to a future prosecution for the same offense." We hold that since section 12022.7 does not define a *separate offense,* but merely imposes *additional punishment* for the felony or attempted felony committed, an allegation made pursuant to section 12022.7 may not be the subject of a challenge on the ground that the defendant had been committed without reasonable or probable cause.[6]

Our review extends no further than to determine whether respondent court exceeded its jurisdiction in entertaining the challenge to the great

---

[5]Defendant concedes that if the charge of attempted murder stands, it would support an allegation of great bodily injury. Because attempted murder is a separate and distinct crime, it does not fall within the four exceptions provided in the statute (murder, manslaughter, assault with a deadly weapon and assault by means of force likely to produce great bodily injury under § 245). The legislative inclusion of the four crimes as exceptions necessarily excludes any other exceptions (*People* ex rel. *Cranston* v. *Bonelli* (1971) 15 Cal.App.3d 129, 135 [92 Cal.Rptr. 828]).

[6]It follows that prohibition may not be employed to review the denial of such a motion under section 999a.

bodily injury clauses in the context in which it was made.[7] It would be premature for us to decide other issues raised by the parties in this proceeding (*People* v. *Superior Court (Gaulden)* (1977) 66 Cal.App.3d 773, 780 [136 Cal.Rptr. 229]).

Let a peremptory writ of mandate issue, commanding respondent superior court to set aside its order granting defendant's motion to dismiss.

Taylor, P. J., and Rouse, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied October 25, 1978. Bird, C. J., Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.

---

[7]We note that provision has been made for the striking, not of the allegation, but of the additional punishment, under certain circumstances, *at the time of sentencing* (§ 1170.1, subds. (c), (g); rule 445, Cal. Rules of Court).