[Crim. No. 8821. Fourth Dist., Div. One. Feb. 16, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
DONNIE DOZIER, Defendant and Appellant.

COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Paul Bell for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Michael D. Wellington, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STANIFORTH, J.**—A jury convicted defendant Donnie Dozier of kidnaping (Pen. Code, § 209, subd. (b)),[1] count one, of robbery (§ 211), count two, assault (§ 245, subd. (a)), count three, of sodomy (§ 286, subd. (c)), count four, and of forcible oral copulation (§ 288a, subd. (c)), count five. Further, the jury found Dozier was armed with a dangerous or deadly weapon within the meaning of section 12022, subdivision (b), during the commission of the kidnaping, the robbery, the sodomy, and the forcible oral copulation. Dozier was also convicted with inflicting great bodily injury upon the victim within the meaning of section 12022.7 during the course of the kidnaping, the robbery, the sodomy, and the forcible oral copulation.

Dozier admitted before trial commenced four charged prior felony convictions.

Upon sentencing, the trial court chose the robbery offense, count two, for the principal term and set its base at the upper term of four years. The court added to this base term a one-year enhancement for the section 12022, subdivision (b), violation, plus a three-year enhancement for infliction of great bodily injury on the robbery victim (§ 12022.7). The sodomy offense, count four, was designated as the subordinate term and was ordered to be served consecutive to the principal term and its enhancements. Also added to Dozier's principal and subordinate terms was an additional year for each of two prior convictions under section 667.5, subdivision (b). All other terms were ordered stayed.

---

[1]All reference is to the Penal Code unless otherwise specified.

On appeal, Dozier (1) objects to the three-year enhancement under section 12022.7; although he concedes the victim sustained great bodily injury, he argues it did not occur "in the commission" of the robbery but in the commission of a separate assault to which section 12022.7 does not apply; and (2) he charges that the sentencing court improperly made dual use of facts for aggravation as well as for enhancement when (a) the court selected the upper term on the robbery and imposed a three-year enhancement because of great bodily injury and (b) the court also considered the weapon finding as a basis for imposition of both the upper term for robbery as well as for the enhancement.

## FACTS

Dozier and his victim to be, the elderly James Jones, were drinking companions at a bar. Near closing time, Jones consented to give Dozier a ride home. The duo entered the Jones car, with Dozier carrying a bottle of beer. Jones, at Dozier's direction, drove into an alley where Dozier pointed out his house and car. Dozier exited the car and announced it was a stick-up; he demanded money. Jones handed over about $15-$18. Unsatisfied, Dozier demanded more and hit Jones several times with the beer bottle to enforce his demand. Jones offered his wallet, empty but for identification, but told Dozier he had money at home. Jones thought, by this excuse, he would gain time, be rescued on route home. Dozier agreed and after a two-block walk, Jones pretended his legs were going out. Dozier said they should return to the car. When Jones claimed he could not walk, Dozier dragged him bodily to the car. Once back in the alley, Dozier again beat Jones with the beer bottle, then performed an act of sodomy on the old man, banged his head on the concrete, hit him in the eyes and stomach, filled his mouth with dirt and finally broke the beer bottle and cut Jones deeply on the right side of his face. Dozier departed, leaving Jones to cry for help. The police were called and Dozier arrested.

## DISCUSSION

Section 12022.7 provides for sentence enhancement of three years for infliction of great bodily injury "in the commission . . . of a felony." The section is applicable to the felony, robbery, but it expressly does not apply to an assault with a deadly weapon or by means of force likely to produce great bodily injury. (§ 245, subd. (a).)

The trial court here imposed a three-year enhancement in connection with robbery. Dozier contends that the enhancement was

improper because the injury occurred during a separate assault which the prosecutor alleged and upon which the jury found guilt.

Contrary to Dozier's argument, the record is replete with evidence of great bodily injury produced by the use of violent force *during* the robbery. The grisly facts need not be repeated.

Robbery does include, by definition, a species of assault. Here, however, there was not just a technical assault—always necessarily included in any robbery—but the record demonstrates a vicious violent beating resulting in injury to an old man.

The trial judge recognized the obvious fact that the violent assault resulting in bodily injury occurred during the course of the robbery and therefore stayed the sentence upon the defendant's conviction of assault with a deadly weapon (§ 654). We conclude the robbery term was properly enhanced under section 12022.7.

■ Next Dozier contends that the sentencing court improperly made a double use of the same facts for aggravation as well as enhancement, when it selected the upper term for the robbery and added a three-year enhancement by reason of the great bodily injury occurring in the course of that robbery.

It is fundamental that a sentencing court may not use a fact which is used to enhance the sentence as a basis for selecting the upper term (§ 1170, subd. (b), and Cal. Rules of Court, rule 441(c)). Here the court announced: "I am selecting the upper term for the following reasons: The events involved did include violence and great bodily injury." The court went on to note the use of a weapon, the vulnerability of the victim, as well as Dozier's background as other reasons for selecting the upper term. The trial court had before it not only the aggravating circumstances of the violence but Dozier had forced the victim to orally copulate him; the crime involved an actual kidnaping of an aged victim. Furthermore, the total picture shows aggravating factors not counterbalanced by any mitigating factors whatsoever. Furthermore, during the sentencing hearing, the People pointed out to the trial judge the great bodily injury factor could not be used to aggravate the base term. The trial judge, in imposing the great bodily injury enhancement, said he had not used it as a factor in aggravation in selecting the upper base term.

If we assume the judge's gratuitous reference created error, the question arises under *People* v. *Watson*, 46 Cal.2d 818 [299 P.2d 243], whether that error requires reversal. It is not reasonably probable a different base term would have been selected—in light of the multitude of aggravating factors—had the remark not been uttered. We find no error that requires remand for resentencing. Finally, defense counsel did not object to the upper term but actually agreed that there was no basis for any other finding.

Dozier further complains that the trial court erred in its use of the deadly weapon evidence as a factor in selecting the upper term for robbery. He argues the finding under Penal Code section 12022 was used both to enhance and aggravate. Here specifically the sentencing court said: "The defendant did use a deadly weapon although I am not using that fact in selecting the upper term."

Judgment affirmed.

Cologne, Acting P. J., and Wiener, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 12, 1979.