[Crim. No. 11853. Fourth Dist., Div. One. June 16, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT DALE BOERNER, Defendant and Appellant.

508

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Handy Horiye, Deputy State Public Defender, and Michael Lloyd for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, and A. Wells Petersen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**WIENER, J.**—Robert Dale Boerner pleaded guilty to attempted robbery (Pen. Code, §§ 664 and 211)[1] and admitted allegations he used a dangerous weapon (§ 12022, subd. (b)) and inflicted great bodily injury (§ 12022.7). Six counts charging two attempted robberies, three assaults with a deadly weapon (§ 245, subd. (a)), and kidnaping with the

---

[1] All statutory references are to the Penal Code unless otherwise specified.

intent to commit robbery (§ 209, subd. (b)) were dismissed. He was sentenced to an aggregate term of seven years, comprised of the upper base term of three years for attempted robbery enhanced one year for use of a deadly weapon and three years for causing great bodily injury. On appeal, he challenges the propriety of the imposition of the upper term, as well as the dual enhancements under section 1170.1, subdivision (d). We conclude Boerner was properly sentenced and, accordingly, affirm the judgment.

*Factual Background*

Boerner, accompanied by two codefendants, approached four Mexican illegal aliens on a San Diego street. He and his companions lured the aliens into Boerner's car by promising to transport them to Los Angeles. Following a two-hour stop at a house in Lemon Grove, Boerner, his companions, and the aliens left the house in Boerner's car. After several brief stops, they drove to Swan Street where they again stopped. At this point, Boerner and his associates requested one of the aliens, Francisco Royas, to get out of the car. One of the codefendants tried to stab him with a knife, but his attempt was blocked. Boerner then stabbed Royas several times in the chest and abdomen. Boerner later stabbed two other aliens after demanding their money.

*Imposition of the Upper Term for Attempted Robbery Was Proper*

■ Boerner says the court abused its discretion by improperly considering his use of a weapon as an aggravating factor of leadership (Cal. Rules of Court, rule 421(a)(5)) and as an enhancement (§ 12022, subd. (b)), contrary to section 1170, subdivision (b),[2] as well as by improperly relying upon information outside the record in concluding he occupied a leadership role in the commission of the crime.[3]

Assuming the court erred in its consideration of leadership as an aggravating factor, we nevertheless conclude it is not reasonably probable

---

[2]Section 1170, subdivision (b), provides in pertinent part: "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under Section 667.5, 1170.1, 12022, 12022.5, 12022.6, or 12022.7."

[3]THE COURT: "[T]he only thing I can conclude from it is that you were in a leadership position and having had some communication with the other two gentlemen [Boerner's co-defendants], there is no question in my mind that you were in charge. Certainly you weren't following either one of those guys, and that you were the one who was using the weapon primarily. There were others but you were doing it first and most."

a different base term would have been selected in light of the other articulated factors in aggravation relied upon by the trial court. (*People v. Dozier* (1979) 90 Cal.App.3d 174, 179 [153 Cal.Rptr. 53].) The court expressly considered the extreme vulnerability of the victims due to their isolated status within a foreign society highlighted by an inability to speak English and the possession of little or no money. The court explained: "They are at the mercy of whatever people get their hands on them. That is why they are such easy prey. They also have a couple hundred dollars in their pocket to get a ride and they are easy robbery suspects. Everybody knows they are not likely to be here. They are in all actuality going to head right back across the border and try it again. In most cases they never report it and if they do report it they might not be able to get anybody to listen to them." The court further relied upon the dangerous nature of Boerner's conduct, his criminal record of increasing seriousness, his probation status for robbery involving the use of a knife by a codefendant when he committed the crime, and his being a danger to society. Absent early disposition of the case; the court found no other factor in mitigation.[4] We find no error requiring remand for resentencing.[5]

*Imposition of Dual Enhancements for Use of a Deadly Weapon and Great Bodily Injury Was Proper*

■ Boerner also asserts the court erred in imposing both the enhancements for knife use (§ 12022, subd. (b)) and great bodily injury (§ 12022.7) because the use of knife resulted in the great bodily injury

---

[4]Boerner's outrageous contentions the victim's illegal alien status and their alleged solicitation for a ride constitute factors in mitigation (Cal. Rules of Court, rule 423(a)(2)) warrants no discussion. Moreover, his assertion the court failed to adequately consider his alcoholism and psychiatric difficulties is devoid of merit. The court listened to defense counsel's argument on these considerations and apparently cast them aside. "There is no requirement the court indicate its reasons for rejecting a mitigating factor." (*People v. Davis* (1980) 103 Cal.App.3d 270, 281 [163 Cal.Rptr. 22].)

[5]The court in fixing the upper term, expressed its intent to reserve the knife use allegation for enhancement purposes. The judge said: "It is an offense which I think justifies the upper term. I agree, Mr. Pitkin, there is an early disposition in the case. That is a factor in mitigation I can consider, but I can't imagine that would outweigh in a crime of this nature the overwhelming factors in aggravation and that is *not including the question of the allegation of the use of a knife. I am deliberately not including that because I am going to apply the enhancement for that*; therefore, I am going to fix the term in this case at three years." (Italics supplied.)

and section 654[6] prohibits multiple punishment for the same act or omission. As a matter of clear legislative intent and authorization, section 1170.1, subdivision (d),[7] expressly permits a sentencing court to impose both of the cited enhancements in cases of attempted robbery.[8] Section 654, which precludes multiple punishment for a single offense or course of conduct, is inapplicable to enhancements, because they individually """"do not define a crime or offense but relate to the penalty to be imposed under certain circumstances."""" (*People v. Walker* (1976) 18 Cal.3d 232, 242 [133 Cal.Rptr. 520, 555 P.2d 306], quoting from *People v. Strickland* (1974) 11 Cal.3d 946, 961 [114 Cal.Rptr. 632, 523 P.2d 672]; *People v. Superior Court (Grilli)* (1978) 84 Cal. App.3d 506, 512 [148 Cal.Rptr. 740].) Finally, contrary to Boerner's assertion, the knife-use enhancement cannot in and of itself be a necessarily included offense of the great bodily injury enhancement simply because enhancements do not constitute offenses.

*Disposition*

The judgment is affirmed.

Cologne, Acting P. J., and Work, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 19, 1981.

---

[6]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

[7]Section 1170.1, subdivision (d), provides: "When two or more enhancements under Sections 12022, 12022.5, and 12022.7 may be imposed for any single offense, only the greatest enhancement shall apply; however, in cases of robbery, rape or burglary, or attempted robbery, rape or burglary the court may impose both (1) one enhancement for weapons as provided in either Section 12022 or 12022.5 and (2) an enhancement for great bodily injury as provided in Section 12022.7."

[8]"'It is assumed that the Legislature has in mind existing laws when it passes a statute....'" (*Bailey v. Superior Court* (1977) 19 Cal.3d 970, 977, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394].)