[No. A033622. First Dist., Div. Five. June 29, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
DANNY RAY REILEY, Defendant and Appellant.

[Opinion certified for partial publication.*]

_____

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I and III.

## COUNSEL

John T. Sudman for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Ann K. Jensen and Michael I. Mintz, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KING, J.**—In this case we hold that the imposition of both weapons and great bodily injury enhancements under Penal Code section 1170.1, subdivision (e), constitutes a sentence choice within the meaning of section 1170, subdivision (c), requiring a statement of reasons by the trial court.

On June 22, 1984, the Alameda County District Attorney filed a 17-count amended information against Danny Ray Reiley. Pursuant to his October 3, 1985, pleas the trial court sentenced him on November 22, 1985. On count two, the principal term, the court sentenced Reiley to the six-year upper term for residential robbery (Pen. Code, §§ 211, 213.5),[1] enhanced by one year for firearm possession (Pen. Code, § 12022, subd. (a)) and three years for great bodily injury (Pen. Code, § 12022.7). In addition to credit for actual time served, he received 353 days good time credit (Pen. Code,

---

[1] Section 213.5 was repealed by Statutes 1986, chapter 1428, section 5; robbery in an inhabited dwelling house is now covered under sections 212.5, subdivision (a), and 213, subdivision (a)(1).

§ 4019). Reiley appeals from the judgment of imprisonment alleging sentencing errors.

## I*

. . . . . . . . . . . . . . . . . . . . . . . .

## II

Reiley challenges the imposition of consecutive sections 12022 and 12022.7 enhancements without a statement of reasons. Penal Code section 1170, subdivision (c), provides, "The court shall state the reasons for its sentence choice on the record at the time of sentencing." Imposition of consecutive rather than concurrent sentences is a "sentence choice," within the statute's meaning. (*People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66].) The provisions of sections 12022 and 12022.7, however, "*do not define a crime or offense* but relate to the *penalty* to be imposed under certain circumstances." (*People* v. *Superior Court (Grilli)* (1978) 84 Cal.App.3d 506, 512 [148 Cal.Rptr. 740], italics in original.)[3] According to the California Rules of Court, rule 405(c), " 'Enhancement' means an additional term of imprisonment added to the base term." Both sections 12022 and 12022.7 prescribe "in addition and consecutive to the punishment prescribed for the [underlying] felony ... an additional term ...." as enhancement. The statutory language does not define a separate offense, but "merely imposes *additional punishment* for the felony or attempted felony committed." (*People* v. *Superior Court (Grilli), supra,* 84 Cal.App.3d at p. 513, italics in original.) Thus, *if* multiple enhancements are imposed, they are inherently consecutive rather than concurrent. Reiley cites no authority to the contrary. The issue is really whether the trial court is required to state reasons for imposing both enhancements.[4]

" 'Shall' is mandatory, ... 'may' is permissive." (Cal. Rules of Court, rule 407(a).) Both sections 12022 and 12022.7 employ the verb "shall" rather

---

*See footnote, *ante,* page 1487.

[3] In *People* v. *Superior Court (Mendella)* (1983) 33 Cal.3d 754 [191 Cal.Rptr. 1, 661 P.2d 1081], the Supreme Court disapproved the *Grilli* holding that enhancements are not subject to review under Penal Code section 995 (information set aside if defendant committed without reasonable or probable cause) but not the underlying distinction. (*Id.,* at p. 758.)

[4] The issue appears to be one of first impression. A related issue has arisen in cases deciding whether Penal Code section 654 (precluding multiple punishments for a single offense or course of conduct) is applicable to enhancements. (Cf., e.g., *People* v. *Boerner* (1981) 120 Cal.App.3d 506, 511 [174 Cal.Rptr. 629], with *People* v. *Moringlane* (1982) 127 Cal.App.3d 811, 817-819 [179 Cal.Rptr. 726].) We need not enter the fray on that issue since the great bodily injury here was not inflicted by means of the firearm. Thus, each enhancement was imposed for a separate act.

than the verb "may." Furthermore, section 1170.1,[5] subdivision (d), provides, "When the court imposes a prison sentence for a felony pursuant to Section 1170 [the determinate sentencing law] the court *shall* also impose the additional terms provided in Sections 667.5, 12022, 12022.4, 12022.5, 12022.6, 12022.7, and 12022.9, unless the additional punishment therefore [*sic*] is stricken pursuant to subdivision (h)." (Italics added.) Subdivision (h) provides the court may strike the above enumerated enhancements "if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment." Thus, if the court imposes enhancements under either section 12022 or 12022.7, it need not state its reasons. (See *People* v. *Langevin* (1984) 155 Cal.App.3d 520, 524 [202 Cal.Rptr. 234].)

"When two or more enhancements under Sections 12022, 12022.4, 12022.5, 12022.7, and 12022.9 may be imposed for any single offense, only the greatest enhancement shall apply." (Pen. Code, § 1170.1, subd. (e).) However, in certain cases including robbery, "the court *may* impose both (1) one enhancement for weapons as provided in either Section 12022, 12022.4, or 12022.5 and (2) an enhancement for great bodily injury as provided in Section 12022.7 or 12022.9." (*Ibid.,* italics added.) The Attorney General correctly notes, "It is the use of the permissive 'may' in subdivision (e) that leads appellant to conclude that a statement of reasons for imposition of both enhancements was required below," but contends the statutory scheme and legislative intent preclude such an interpretation because subdivision (e) "cannot be read to undercut the mandatory nature of such enhancements under Section 1170.1, subd. (d)."

On the contrary, the difference in wording between subdivisions (d) and (e) is critical. If the Legislature had meant the double enhancement to be mandatory except if stricken for mitigating circumstances, it could have provided, in the language of subdivision (d), that the court *shall* impose both weapons and great bodily injury enhancements, unless stricken pursuant to subdivision (h). That the Legislature chose discretionary rather than mandatory language indicates the court here exercised a sentencing choice in imposing both enhancements. "It goes without saying that in such cases the setting out of the reasons for exercising discretion is crucial for uniformity of sentences and/or meaningful appellate review to determine whether the trial court has abused its discretion." (*People* v. *Johnson* (1980) 104 Cal.App.3d 598, 612 [164 Cal.Rptr. 69].)[6]

---

[5] The current statute, although amended since 1984, is the same in all material aspects as that in effect at the time of Reiley's offenses.

[6] The Attorney General's reliance on *Johnson* for the proposition that imposing both enhancements was mandatory is misplaced as the statute at issue there, Penal Code section 667.5, is not covered by section 1170.1, subdivision (e), at all.

In assessing the sufficiency of reasons given, the crucial factor, as the Supreme Court explained in *People* v. *Belmontes* (1983) 34 Cal.3d 335, 348 [193 Cal.Rptr. 882, 667 P.2d 686], "is that the record reflect recognition on the part of the trial court that it is making a separate and additional choice." Here the trial court stated its reasons for imposing the upper term on count two, as well as for sentencing consecutively on count seventeen and for two prior convictions under section 667. As to each of the individual enhancements at issue, the court stated there was no dual use of facts (Cal. Rules of Court, rule 441(b)) and no mitigating circumstance (Pen. Code, § 1170.1, subd. (h)), even though "the court need not explain its rejection of the option to strike under the statute." (*People* v. *Langevin, supra,* 155 Cal.App.3d at p. 524.)　This generally meticulous attention to explaining its exercise of discretion, and the lack of prior case law on the issue, indicate the trial court may have been unaware it had a separate and additional sentencing choice under section 1170.1, subdivision (e). "We cannot assume harmless error by speculating on the probability the court will impose the same sentences on remand." (*People* v. *Hetherington* (1984) 154 Cal.App.3d 1132, 1143 [201 Cal.Rptr. 756].) The court's omission requires a remand for resentencing on the firearm possession and great bodily injury enhancements.

### III*

. . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed but the cause is remanded for resentencing on count two enhancements under Penal Code section 1170.1, subdivision (e).

Low, P. J., and Haning, J., concurred.

---

* See footnote, *ante,* page 1487.