[No. H004284. Sixth Dist. Aug. 31, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
DAN HOWLAND SEARLE, JR., Defendant and Appellant.

COUNSEL

Jimmie E. Tinsley, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White and Richard D. Iglehart, Chief Assistant Attorneys General, John H. Sugiyama, Assistant Attorney General, Christopher J. Wei, Stan M. Helfman and David H. Rose, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ELIA, J.—An information filed in Monterey County charged appellant Dan Howland Searle, Jr., with three counts of selling cocaine (counts I-III;

Health & Saf. Code, § 11352) and one count of carrying a concealed firearm in a vehicle (count IV; Pen. Code, § 12025, subd. (a).) Appellant pled guilty to count IV and was convicted, after a jury trial, of counts I-III. He was sentenced to a total term of seven years and eight months in state prison. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

In May 1987 Mare Shields, an informant, told Detective Stephen Perryman that Tracy Ann Mackley was selling cocaine in the Salinas area. Perryman arranged to purchase cocaine from Mackley. Mackley then contacted appellant, her supplier, in an effort to obtain the cocaine for Perryman.

The first purchase (count I) was set for May 15, 1987, and took place near an elementary school baseball field where appellant was a Little League coach. Mackley met appellant at the Little League game, went with him to his car, which was parked near the field, and gave him the money in exchange for one quarter ounce of cocaine. Mackley then delivered the cocaine to Perryman, who was parked a short distance away.

The second transaction (count II) took place on May 29, 1987. This time, Perryman waited in his car at Shields's home while Mackley drove to the Little League field to contact appellant. Mackley and appellant met in appellant's car, which was again parked near the field. After approximately 10 minutes, appellant and Mackley left the car and appellant walked back toward the playing field. Mackley returned to Shields's home where she delivered one-half ounce of cocaine to Perryman.

The third transaction (count III) occurred on August 28, 1987. Perryman had arranged to purchase one or two ounces of cocaine at $1,500 per ounce. Appellant and Mackley met outside the Toro Park Cafe, conferred inside appellant's vehicle and after Mackley got out of the car, both were arrested by members of the police surveillance unit. The officers seized $1,500 in marked $100 bills located in appellant's shirt pocket and a loaded .357 Ruger stored in an unlocked compartment in the back of appellant's car.

Appellant pled guilty to the firearm charge and was convicted, after jury trial, of the three counts of selling cocaine. After denying appellant's request for probation, the trial court sentenced appellant to the upper term of five years for count III, to consecutive terms of one year, four months each on counts I and II and to a term of six months in county jail, to be served concurrently with the prison sentence, for count IV.

DISCUSSION

The trial court cited nine factors in aggravation and two factors in mitigation[1] when it sentenced appellant to the upper term on count III. Appellant concedes that three[2] of the nine aggravating factors were applicable but challenges the trial court's reliance upon the other six. We examine these six factors below.

A.  MULTIPLE VICTIMS

■    As one factor in aggravation, the trial court cited California Rules of Court, rule 421(a)(4)[3] which provides: "The crime involved multiple victims." In relying upon this rule, the court reasoned: "the drugs were intended to reach many people, many victims." In addition, the court noted that "The drug pusher robs us all when the Mozart, the Einstein, the Willie Mays of the next generation becomes instead just another addict . . . . [¶] Drug use is tearing our communities apart. Recreational drug use is not a victimless crime."

We, like the trial court, deplore the terrible toll drug use has had upon our communities. However, we do not believe the "multiple victim" requirement of rule 421(a)(4), as it was enacted by the Legislature, contemplates the circumstances under which it was applied in this case. Clearly all crimes impact adversely upon a community. That is precisely why such conduct is proscribed by law. It is also why the court is given the discretion to deny probation based upon the nature of the crime or the particular circumstances of the case.

Respondent argues that rule 421(a)(4) applies because the large quantity of cocaine sold "manifestly envisions many users, all of whom are unquestionably and foreseeably victimized."   ■    However, it is settled that each aggravating factor must be supported by the evidence in the record. (*People v. Arbee* (1983) 143 Cal.App.3d 351, 356 [192 Cal.Rptr. 13]; *People v. Berry* (1981) 117 Cal.App.3d 184, 198 [172 Cal.Rptr. 756].)   ■    We have searched the record but have found no evidence that appellant intended that the cocaine reach many victims or any evidence that multiple victims actually existed. Indeed, the purchaser here was an undercover policeman so the cocaine obviously did not reach other individuals.

---

[1] The two factors in mitigation cited by the trial court were California Rules of Court, rule 423(b)(2) (appellant's addiction to alcohol and cocaine) and rule 408 (appellant had a long record of service to the community).

[2] These include perjury (Cal. Rules of Court, rule 421(a)(6)); planning and sophistication of the crime (rule 421(a)(8)) and a large quantity of contraband with respect to the third count (rule 421(a)(11)).

[3] All further rule references are to the California Rules of Court.

Finally, we note that the sentencing rules have already provided a means for aggravating a sentence when large quantities of contraband are involved. (Rule 421(a)(11).) Thus, it is unnecessary to interpret rule 421(a)(4) in the manner suggested by respondent. In fact, rule 421(a)(11) was invoked against appellant and appellant concedes it is applicable. Accordingly, we conclude that the trial court erred in relying upon rule 421(a)(4) as a factor in aggravation.

### B.    INDUCED OTHERS TO PARTICIPATE

█    The trial court also cited rule 421(a)(5) and stated "the defendant induced others to participate." Rule 421(a)(5) provides: "The defendant induced others to participate in the commission of the crime or occupied a position of leadership or dominance of other participants in its commission."

Our search of the record has failed to disclose any evidence that appellant induced others to participate in the cocaine sales. Rather, it appears that the opposite occurred. Perryman contacted Mackley in an effort to purchase the cocaine. Mackley, in turn, contacted appellant. There is no evidence that appellant initiated the transactions; nor is there any evidence that appellant directed or prodded Mackley or Perryman into completing the sales. Appellant was simply a willing participant in the arrangement. The probation report supports our conclusion: "Although he [appellant] did not initiate the sales, he participated without hesitation, bus [sic] stated that he was only trying to help her [Mackley] out." Because the record does not support the trial court's reliance upon rule 421(a)(5) we conclude that invoking the rule was error. (*People* v. *Arbee, supra,* 143 Cal.App.3d at p. 356; *People* v. *Berry, supra,* 117 Cal.App.3d at p. 198.)

### C.    INVOLVEMENT OF MINORS

█    A third factor cited was rule 421(a)(9) which applies if "The defendant used or involved minors in the commission of the crime." In invoking this rule, the trial court reasoned: "[t]he defendant used and involved minors in the commission of the crime, children in the automobile, during the transportation of the drugs, cocaine, on the way to the baseball field, and possibly on the way back home. Used children as a cover or shield. And it is difficult to ignore the fact that these transactions occurred in the Little League Baseball Park during the Little League baseball games on the school grounds of the Toro Elementary School."

Count III, for which the upper term was imposed, was the cocaine sale which took place outside the Toro Park Cafe. That sale, which took place

on August 28, 1987, did not occur at the Little League playing field and there is no suggestion that children were present when appellant and Mackley met outside the cafe. However, counts I and II did take place at the Little League games where minors were present. Thus, it appears that the trial court used facts linked to counts I and II to aggravate appellant's sentence on count III.

The problem of using facts from other counts to aggravate a defendant's sentence for a different count has arisen in the context of multiple victims. In that situation, courts have held that the practice is impermissable unless the "multiple crimes are *so closely connected in time and place as to comprise a single criminal transaction* . . . ." (*People* v. *Coulter* (1983) 145 Cal.App.3d 489, 491 [193 Cal.Rptr. 476] (italics added); see also *People* v. *Guevara* (1979) 88 Cal.App.3d 86 [151 Cal.Rptr. 511]; *People* v. *Bejarano* (1981) 114 Cal.App.3d 693 [173 Cal.Rptr. 71].) In other words, the multiple crimes must be "transactionally related." (*People* v. *Coulter, supra,* 145 Cal.App.3d at p. 491.) In *People* v. *Price* (1984) 151 Cal.App.3d 803 [199 Cal.Rptr. 99], the court noted that facts used to aggravate a sentence must be reasonably related to the particular count. (*Id.* at p. 812; see also *People* v. *Williams* (1984) 157 Cal.App.3d 145, 156 [203 Cal.Rptr. 562].)

Applying these principles to this case demonstrates that the court erred in relying upon rule 421(a)(9) to aggravate appellant's sentence. Counts I and II took place in May 1987 near the Little League field while count III took place in August 1987, nearly three months later, outside the Toro Park Cafe. Given these differences in time and location, it is clear that counts I, II and III did not constitute a single criminal transaction. Accordingly, it was improper to cite rule 421(a)(9) as a factor in aggravation on count III.

### D.   PRIOR CONVICTIONS

■   Appellant next argues that the court erred in relying upon rule 421(b)(2) to aggravate his sentence. Rule 421(b)(2) applies when the defendant's prior convictions as an adult are "numerous or of increasing seriousness."

Appellant had three prior convictions for driving while intoxicated. The convictions occurred within 11 months of each other with the last occurring in 1979. A conviction for selling cocaine is plainly more serious than a conviction for driving while intoxicated. In addition, we believe that three convictions are "numerous" within the meaning of rule 421 (b)(2). As a consequence, we conclude that the trial court did not err in citing rule 421(b)(2) as a factor in aggravation.

## E. Appellant Was Armed

■ A fifth factor cited by the trial court was rule 421(a)(2) which provides: "The defendant was armed with or used a weapon at the time of the commission of the crime, whether or not charged or chargeable as an enhancement under Section 12022 or 12022.5." Appellant contends reliance upon this factor was error because he was not "armed" with the gun; it was merely stored in his car.

In *People v. Garcia* (1986) 183 Cal.App.3d 335 [228 Cal.Rptr. 87], this court concluded that a person is "armed," under rule 421(a)(2), if he carries the weapon or *has it available for use.* We noted: "The underlying intent of the Legislature is to deter persons from creating *a potential for death or injury resulting from the very presence of a firearm at the scene of the crime."* (*Id.* at p. 350, italics in original.) In this case, not only was the gun located in the car from which appellant sold drugs it was also loaded. Accordingly, we conclude that the gun was available for use and therefore the trial court properly relied upon rule 421(a)(2) to aggravate appellant's sentence.

## F. Appellant Suborned Perjury

■ The trial court cited rule 421(a)(6) twice; once because appellant committed perjury and once because appellant suborned perjury. Appellant argues that this was improper; he contends that perjury and suborning perjury constitute one factor in aggravation under rule 421(a)(6).

Rule 421(a)(6) provides: "The defendant threatened witnesses, unlawfully prevented or dissuaded witnesses from testifying, suborned perjury, or in any other way illegally interfered with the judicial process." Can this rule be invoked twice if the defendant engages in more than one of the types of conduct proscribed? We have found no cases addressing this issue. However, whether the rule is invoked once or twice is, we think, a distinction without a difference. The trial court may balance aggravating and mitigating factors in both "qualitative as well as quantitative terms." (*People v. Roe* (1983) 148 Cal.App.3d 112, 119 [195 Cal.Rptr. 802].) When the defendant commits more than one of the acts proscribed by rule 421(a)(6), the trial court may simply cite the rule once but give it more weight as an aggravating factor. Alternatively, the trial court, as was done here, may cite the rule twice. Either way, the court correctly recognizes that committing several of the acts set out in rule 421(a)(6) is more serious than committing one alone. We conclude that the trial court did not err in citing rule 421(a)(6) twice.

## Conclusion

As discussed above, rules 421(a)(4), 421(a)(5), 421(a)(9) were incorrectly cited as factors in aggravation. Rules 421(b)(2) and 421(a)(2) were properly

invoked. Added to these two factors in aggravation are the three factors, including rule 421(a)(6), which appellant concedes were applicable. Thus, the aggravating factors are (1) perjury and suborning perjury; (2) appellant was armed; (3) appellant's prior convictions; (4) planning and sophistication and (5) a large quantity of contraband. The mitigating factors are appellant's addiction to alcohol and cocaine and his record of service to the community. Given the number of aggravating factors which were applicable, we believe there was an adequate basis for imposing the upper term. (*People* v. *Boerner* (1981) 120 Cal.App.3d 506, 509-510 [174 Cal.Rptr. 629]; *People* v. *Dozier* (1979) 90 Cal.App.3d 174, 179 [153 Cal.Rptr. 53].) Moreover, the trial court's comments at sentencing suggest that it found particularly persuasive the fact that appellant committed perjury and suborned perjury. Thus, both a qualitative and quantitative analysis of the aggravating factors convinces us that a remand for resentencing would not benefit appellant. (*People* v. *Lambeth* (1980) 112 Cal.App.3d 495, 501 [169 Cal.Rptr. 193]; *People* v. *St. Germain* (1982) 138 Cal.App.3d 507, 525 [187 Cal.Rptr. 915].) Therefore the imposition of the upper term on count III was proper.

The judgment is affirmed.

Capaccioli, Acting P. J., and Premo, J., concurred.