**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILLIP J. ROSENBLUM, | No. 09-55349 |
| Petitioner - Appellant, | D.C. No. 5:08-cv-00261-JVS-E |
| v. | |
| JAMES A. YATES, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 12, 2012[**]
Pasadena, California

Before: GILMAN,[***] TALLMAN, and N.R. SMITH, Circuit Judges.

California state prisoner Phillip J. Rosenblum appeals the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition. He challenges his upper

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, Senior Circuit Judge for the Sixth Circuit, sitting by designation.

term sentence imposed by the state trial court. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

In *Cunningham v. California*, the Supreme Court held that California's sentencing scheme (at the time of Rosenblum's conviction) was unconstitutional, because it violated the Sixth Amendment right to a jury trial. 549 U.S. 270, 288–89 (2007). However, *Cunningham* did not invalidate upper term sentences imposed as a result of prior convictions. *See id.* ("Except for a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (internal quotation marks omitted)).

Under California law, "the presence of one aggravating circumstance renders it lawful for the trial court to impose an upper term sentence." *People v. Black*, 161 P.3d 1130, 1140 (Cal. 2007). Thus, for purposes of habeas review, "if at least one of the aggravating factors on which the judge relied in sentencing [Rosenblum] was established in a manner consistent with the Sixth Amendment, [Rosenblum's] sentence does not violate the Constitution." *Butler v. Curry*, 528 F.3d 624, 643 (9th Cir. 2008).

At the time of Rosenblum's conviction, California law authorized the imposition of an upper term sentence if the trial court found that "[t]he defendant's

2

prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." Cal. Rule of Court 4.421(b)(2). Three or more prior convictions are "numerous" for purposes of California Rules of Court Rule 4.421(b)(2). *See, e.g.*, *Black*, 161 P.3d at 1142 (concluding that three misdemeanor convictions and two felony convictions were numerous); *People v. Searle*, 261 Cal. Rptr. 898, 902 (Ct. App. 1989) (concluding that three prior convictions were numerous under the predecessor to Rule 4.421(b)(2)).

Here, Rosenblum had five prior convictions. The documents of conviction therefore "directly reflected" the fact that Rosenblum had numerous prior convictions pursuant to California law. *See Butler*, 528 F.3d at 645. Furthermore, the state court's determination that Rosenblum had numerous prior convictions was not a "qualitative evaluation[] of the nature or seriousness of past crimes," because that determination was made "solely by looking to the documents of conviction" and counting the number of his prior convictions. *See id.* at 644.

Thus, the state court did not violate the Sixth Amendment when it relied on Rosenblum's numerous prior convictions to impose an upper term sentence.

**AFFIRMED.**