Filed 5/20/14  P. v. Verdugo CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ENRIQUE GUERRERO VERDUGO,<br><br>    Defendant and Appellant. | 2d Crim. No. B248870<br>(Super. Ct. No. KA096643)<br>(Los Angeles County) |

Enrique Guerrero Verdugo appeals his six-year prison sentence following a plea of no contest to vehicular manslaughter with gross negligence.  (Pen. Code, § 192, subd. (c)(1).)[1]  Appellant contends that the trial court abused its discretion in not granting probation or imposing a lesser sentence.  We affirm.

*Facts and Procedural History*

Appellant entered a change of plea after the jury deadlocked in the first trial.  It was stipulated that the trial court could consider the preliminary hearing transcript, the trial transcript, and the probation report as the factual basis for the plea.  The prosecutor and appellant filed sentencing memos summarizing the following testimony in the first trial.  (§ 1170, subd. (d).)

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On October 5, 2011, appellant ran a red light in his 2011 Chevrolet Silverado truck and struck and killed Loida Torres who was driving northbound on Hamilton Boulevard in Pomona. Traveling eastbound on Second Street, appellant entered the intersection and struck Torres' Buick on the driver's side. The posted speed limit was 35 miles per hour and the road was slick from a light rain. Moments after the collision, a motorist (Matilda Diaz) saw appellant talking on a cell phone and walking in circles around his truck. Appellant said "fuck" repeatedly and did not try to render aid to the victim.

Pomona Police Officer Michael Vandenberg investigated the traffic fatality and determined that appellant was driving 73 miles per hour. There were no skid marks.

The record shows that appellant owned a local auto body shop and was familiar with the area. Thirty minutes before the collision, tow truck driver Shane Warren saw appellant stop at the red light at Hamilton Boulevard and Second Street. Appellant had a cup of coffee in his hand, hit the steering wheel with his hands, and was waiving his arms like he was really mad. Revving the truck engine, appellant accelerated suddenly, spinning the truck tires through the intersection against the red light. The light turned green when appellant was three-quarters through the intersection.

Filberto Berden, who worked at an auto parts store on Hamilton Boulevard, testified in the first trial that appellant drove every day on Hamilton Boulevard at 70 to 75 miles per hour. Before the collision, Berden told appellant to slow down otherwise someone would die. Appellant answered, "trucks are designed to run." On the day of the collision, Berden saw appellant screech his truck tires out of a coffee shop parking lot.

On October 13, 2011, eight days after the fatal collision, appellant received a speeding ticket. Appellant was driving 60 miles per hour in a 35 mile per hour zone at Hamilton Boulevard and Orange Grove Avenue, about .7 miles from the collision scene.

*Upper Term Sentence*

Appellant claims that the trial court abused it discretion in imposing a six-year upper term sentence. Appellant forfeited the error by not objecting at the sentencing

2

hearing. (*People v. Scott* (1994) 9 Cal.4th 331, 353, 356. *People v. Brown* (2000) 83 Cal.App.4th 1037, 1041-1042.)

On the merits, appellant makes no showing that the sentence is arbitrary or capricious. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) Sentencing courts have wide discretion in weighing aggravating and mitigating factors and may balance them against each other in qualitative as well as quantitative terms. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) A trial court may base an upper term sentence upon any aggravating circumstance the court deems significant. (*People v. Sandoval, supra,* 41 Cal.4th at p. 848.)

Here the probation report listed five aggravating factors and no mitigating factors.[2] Appellant's prior convictions as an adult were numerous and of increasing seriousness. In 1998, he was convicted of transporting/selling narcotics (Health & Saf. Code, § 11352) and received a suspended sentence and probation. Appellant violated probation and was sentenced to three years prison. In 1990, he was paroled, violated parole, and returned to state prison.

In 2010, appellant was convicted of an auto repair estimate violation (Bus. & Prof. Code, § 9884.9), granted probation, and violated probation. In 2011, appellant was convicted of spousal battery (§ 243, subd. (e)(1)) and obstructing a police officer (§ 148, subd. (a)(1)) and granted probation. Appellant violated probation when he committed the current offense.

The trial court found that appellant's criminal record and failed attempts at parole and probation "shows a certain contempt for the rule of law." We concur. Lack of

---

[2] The listed factors in aggravation are: (1) the crime involved great bodily harm or a high degree of callousness; (2) appellant's prior convictions as an adult were numerous or of increasing seriousness; (3) appellant had served a prior prison term; (4) appellant was on probation when the crime was committed; and (5) appellant's prior performance on probation or parole was unsatisfactory. (Cal. Rules of Court, rule 4.421(a)(1) and rule 4.421(b)(2)-(4).)

remorse is a valid aggravating factor where the defendant denied guilt and the evidence is overwhelming. (*People v. Holguin* (1989) 213 Cal.App.3d 1308, 1319.)

The trial court found that appellant "ran a red light the morning of the death at the same intersection. He . . . was warned to slow down, that he could kill somebody . . . . That puts [appellant] on notice of the danger of speed, particularly when there's reduced visibility or slick pavements. Which we certainly had." The trial court found that appellant "was on notice of the danger and persisted in similar [dangerous] behavior relating to his driving. That persistence constitutes an intentional act, [a] conscious decision to continue that kind of behavior."

A single factor in aggravation is sufficient to justify an upper term sentence. (*People v. Holguin, supra,* 213 Cal.App.3d at p. 1319; *People v. Piceno* (1987) 195 Cal.App.3d 1353, 1360.) Appellant's citation of *People v. Dozier* (1979) 90 Cal.App.3d 174 is misplaced because there was no dual use of facts to impose an upper term and add a sentence enhancement. Appellant claims that the trial court could not impose an upper term because gross negligence was manifested in all aspects of the traffic fatality. Where, however, "the facts surrounding the charged offense exceed the minimum necessary to establish the elements of the crime, the trial court can use such evidence to aggravate the sentence. [Citation.]" (*People v. Castorena* (1996) 51 Cal.App.4th 558, 562 [upper term imposed in gross vehicular manslaughter case].)

Appellant's wanton and reckless driving caused the death of an innocent motorist. His conduct " 'exceeded even the word gross.' " (*Ibid.*) Before the traffic fatality, appellant was warned to slow down and that he could kill someone. Appellant did not listen. Thirty minutes before the collision, a tow truck driver saw appellant accelerate suddenly through the intersection against a red right.

Appellant argues that the trial court abused its discretion in not granting probation but probation is an act of clemency and grace, not a matter of right. (*People v. Giordano* (2007) 42 Cal.4th 644, 663, fn. 7.) The record amply supports the trial court's decision to deny probation and impose an upper six-year term which was based on an individualized consideration of the offense, the offender, and public safety. (*People v.*

*Sandoval*, *supra,* 41 Cal.4th at p. 847.)  Absent a showing that the sentence is irrational or arbitrary, it is presumed that the trial court acted to achieve legitimate sentencing objectives.  (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831-822.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

5

Bruce F. Marrs, Judge

Superior Court County of Los Angeles

_____

Mario L. Acosta, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. , Supervising Deputy Attorney General, Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.