Filed 9/30/14  P. v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E061466 |
| v. | (Super.Ct.No. INF1301165) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| MEI JUN WANG, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate/prohibition.  John J. Ryan, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Petition granted.

Paul Zellerbach, District Attorney, and Natalie M. Pitre, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

1

Peter R. Cabrera for Real Party in Interest.

In this matter we have reviewed the petition and the opposition thereto, which we conclude adequately address the issues raised by the petition. We have determined that resolution of the matter involves the application of settled principles of law, and that an alternative writ would add nothing to the presentation already made and would cause undue delay in bringing the action to trial. We therefore issue a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179; *Alexander v. Superior Court* (1993) 5 Cal.4th 1218, 1222-1223, disapproved on another ground in *Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 724, fn. 4.)

"An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. . . . (*Rideout* v. *Superior Court* (1967) 67 Cal.2d 471.)" (*Caughlin v. Superior Court* (1971) 4 Cal.3d 461, 464-465.) Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information. (*People v. Superior Court* (*Grilli*) (1978) 84 Cal.App.3d 506, 511, disapproved on other grounds in *People v. Superior Court* (*Mendella*) (1983) 33 Cal.3d 754, 758.) The same standard of review applies to charges added to the information by the district attorney under Penal Code section 739. (*Ibid.*; see also *People v. Slaughter* (1984) 35 Cal.3d 629.)

Applying these principles to the instant case, we must conclude that the superior court erred in dismissing the charge of pandering alleged in the information.

Section 266i, subdivision (a), provides in pertinent part that "any person who does any of the following is guilty of pandering, a felony, and shall be punishable by imprisonment in the state prison for three, four, or six years:  [¶]  (1) Procures another person for the purpose of prostitution.  [¶]  (2) By promises, threats, violence, or by any device or scheme, causes, induces, persuades, or encourages another person to become a prostitute."  Section 266i's remaining subdivisions, roughly paraphrased, criminalize a variety of other types of pandering, including finding another a place in a house of prostitution; causing, by various means, another to remain as an inmate in a house of prostitution; and receiving or giving money for procuring another for purposes of prostitution.

"Pandering, as defined in section 266i, includes a broad spectrum of behaviors and degrees of culpability."  (*People v. Almodovar* (1987) 190 Cal.App.3d 732, 740-741.) The first amended information alleges that real party in interest willfully and unlawfully procured another for the purpose of prostitution.  This pleading alleges a violation under section 266i, subdivision (a)(1).

The evidence introduced at the preliminary hearing established that a Riverside County Sheriff's investigator called for a prostitute and real party in interest arranged for a woman calling herself Vivian to perform—even providing transportation and "accessories" for the job.  "Procure" is defined as, inter alia, "to get and make available

3

for promiscuous sexual intercourse" (Webster's 9th New Collegiate Dict. (1991) p. 938); "[t]o obtain, as a prostitute, for another"; and "[t]o bring the seller and the buyer together so that the seller has an opportunity to sell." (Black's Law Dict. (6th ed. 1990) p. 1208, col. 1.)

Procurement encompasses a broad range of conduct, and it is not necessary that the victim ever actually perform acts of prostitution. (*People v. DeLoach* (1989) 207 Cal.App.3d 323, 333.) Thus, there was no requirement that the prosecution establish real party in interest encouraged or persuaded another to become a prostitute; it was enough that she procured another person for the purposes of prostitution. (§ 266i, subd. (a)(1).) This is exactly what real party did and it is unnecessary under that particular subdivision to show that she persuaded or induced Vivian to commit the act.

## DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court of Riverside County to set aside its order granting in part real party in interest's section 995 motion and to enter a new order denying that motion.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RICHLI
Acting P. J.

KING
J.