[No. A056238. First Dist., Div. Three. Dec. 17, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
RAMIRO ZEPEDA BALBUENA, Defendant and Appellant.

**COUNSEL**

Jo Anne Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Stan M. Helfman and Mary A. Roth, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WERDEGAR, J.**—Ramiro Zepeda Balbuena was convicted of two violations of Health and Safety Code section 11351, possession of heroin for sale (count one) and possession of cocaine for sale (count two). As to both counts, the jury also found defendant was personally armed with a firearm in the commission of the crime. (Pen. Code, § 12022, subd. (c)). Defendant was sentenced to the middle term of three years on count one, with a three-year arming enhancement. On count two, the court imposed a concurrent term of three years and stayed the enhancement. We reverse the arming enhancement and remand for resentencing.

## FACTS

San Pablo police executed a search warrant on a house at approximately 8:45 a.m. They knocked on the front door and announced their presence several times, but eventually forced entry when they received no response. Between 30 seconds and 1 minute elapsed from the first announcement to entry; during that time, an officer heard someone walking inside the house.

The entry door opened onto the living room of the house. Officers found defendant and his wife lying on the floor several feet in front of them, near a door to the kitchen, which was to the left of the officers as they entered. On the officers' right were three suitcases, standing in a row on the floor. The suitcases were latched, but not locked. About 10 or 12 feet, and an extended sofabed, separated defendant from the suitcases.

All of the suitcases contained clothing, including male clothing of defendant's size. In one, there was also found cash and identification for defendant. In another was found narcotics and a wedding photograph of defendant and his wife. In the third, concealed among the clothing, was found an unloaded pistol. There was no evidence any ammunition was found in the suitcases or elsewhere in the house.

The living room did not have a closet; defendant testified he and his wife slept in that room and kept their belongings in suitcases and boxes. In the bedroom, police found defendant's brother, as well as clothing that would fit him but not defendant. In the kitchen cabinet, police found telephone bills for the house telephone in the name of Antonio Coria; defendant used that name during his arrest, and police found false identification in that name with defendant's photograph.

## DISCUSSION

Imposition of an enhancement under Penal Code section 12022, subdivision (c) (hereafter section 12022(c)) requires the defendant be "personally

armed with a firearm" in the commission of one of the specified drug offenses. ■ "Personally," in this statute, does not mean the weapon must be carried on the defendant's person; rather, it distinguishes personal from vicarious liability, requiring that the defendant himself be armed. (*People* v. *Superior Court* (*Pomilia*) (1991) 235 Cal.App.3d 1464, 1468-1471 [1 Cal.Rptr.2d 306].) For purposes of this statute, as in other contexts, a person is "armed" if he is carrying the weapon or has it available for offensive or defensive use. (*People* v. *Mendival* (1992) 2 Cal.App.4th 562, 569-574 [3 Cal.Rptr.2d 566].) "Available," in turn, means " 'that can be used; usable. . . . [¶] . . . that can be got, had, or reached; handy; accessible . . . .' " (*Id.* at p. 575.)

■ The evidence was insufficient to show defendant had the pistol available for offensive or defensive use. The gun was not within defendant's reach, nor had it been placed in a position of especially ready access, nor was it loaded and ready for use, nor was there anything to connect the gun to the commission of the offenses. As far as the evidence shows, defendant made no attempt to take the weapon out of the suitcase before the police entered, although he had as much as a full minute to do so. Once the police had entered, access to the gun was cut off; defendant would have had to travel toward the officers and either directly past them or over the sofabed in order to reach the suitcase.

The evidence tended to show defendant and his wife had been living in the house, keeping their belongings in suitcases and boxes. The gun, the jury could reasonably have found, was among those possessions. But gun ownership or possession, alone, does not constitute being armed in the commission of an offense.

The Attorney General's cited authority does not compel the opposite conclusion. In *People* v. *Mendival, supra,* 2 Cal.App.4th 562, the defendant had a handgun on the front floorboard of the car he was driving to a drug sale rendezvous. (*Id.* at p. 567.) In accord with precedent from other contexts, the court held section 12022(c) did not require the weapon be carried on the person: "It would be ludicrous to conclude a criminal could have a gun on the console of his vehicle or on the table in front of him and find that this did not meet the definition of armed. He has insured that a firearm is as accessible to him as if he had placed it in a holster on his hip. It is the availability—the ready access—of the weapon that constitutes arming." (*Id.* at pp. 573-574.) We agree with this analysis. Unlike the defendant in *Mendival*, however, defendant here did not have "ready access" to his gun; it was stored, with other of his belongings, in a suitcase.

In *People* v. *Searle* (1989) 213 Cal.App.3d 1091, 1095 [261 Cal.Rptr. 898], the defendant was carrying a loaded gun in an unlocked back compartment of the car from which he was selling drugs. Noting that "not only was

the gun located in the car from which appellant sold drugs it was also loaded," the court held reliance on arming as a circumstance in aggravation of sentence was proper. (*Id.* at p. 1099.) Although the gun in *Searle* was not in the defendant's immediate reach, it was kept in a place suggesting contemplated use in the offense. Here, in contrast, defendant's gun was simply kept with his other belongings, including clothes, photographs, identification and money.

The Legislature, in section 12022(c), has sought to deter criminals from creating additional danger by having firearms readily accessible at the scene of a crime. "Obviously, a firearm that is available for use as a weapon creates the very real danger it will be used." (*People* v. *Mendival, supra,* 2 Cal.App.4th at p. 573.) No additional danger was created by the presence of an unloaded gun in a closed suitcase across the room from defendant.

We conclude the arming enhancements were not justified by the evidence and must be reversed. We therefore do not reach defendant's claim the enhancement on count one was improperly pled. A remand for resentencing is appropriate to allow the trial court to exercise its discretion to impose a sentence consistent with defendant's culpability. (*People* v. *Savala* (1983) 147 Cal.App.3d 63, 66-69 [195 Cal.Rptr. 193].)

### DISPOSITION

The convictions for violations of Health and Safety Code section 11351 are affirmed. The findings of personal arming under Penal Code section 12022, subdivision (c) are reversed for insufficient evidence. The cause is remanded for resentencing.

White, P. J., and Chin, J., concurred.