[No. B080182. Second Dist., Div. Seven. Feb. 15, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID ANTHONY JACKSON et al., Defendants and Appellants.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication. The portions directed to be published are: Introduction, Roman numeral sections III and V, Disposition and footnote 1.

## COUNSEL

David H. Goodwin and Bruce Daniel Rosen, under appointments by the Court of Appeal, for Defendants and Appellants.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey and Carol A. Greenwald, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JOHNSON, J.**—A jury convicted appellants, David Anthony Jackson and Deon Lagrant Swayzer, of numerous counts of forcible rape, forcible oral copulation, robbery and kidnapping and found true several related enhancements for firearm use, kidnapping for sexual purposes and infliction of great bodily injury. Appellants appeal their convictions, contending the trial court made numerous sentencing and other errors. In the unpublished portion of this opinion we conclude substantial evidence supports appellants' convictions for the substantive crimes and for four of the five enhancements appellant Jackson received for the infliction of great bodily injury. We also conclude the trial court articulated adequate reasons for imposing aggravated terms and consecutive sentences on the various convictions and enhancements. In the published portion of the opinion we conclude four of the sentence enhancements appellant Swayzer received for being armed with a firearm are not supported by the evidence and must be reversed. We also conclude the trial court erred in imposing sentence on Jackson's conviction for kidnapping for the purpose of committing the sexual assaults and in staying punishment on the enhancement for kidnapping for sexual purposes. As modified, we affirm the judgments of conviction.

FACTS AND PROCEEDINGS BELOW*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

III. *The Sentence Imposed for Jackson's Conviction for Kidnapping for Sexual Purposes in Count I Must Be Stayed.*

██  Jackson contends the trial court erred in imposing sentence on count I for his conviction for kidnapping for sexual purposes (Pen. Code, § 208)[1] and in staying the enhancement (§ 667.8) for kidnapping for sexual purposes. We agree.

Prior to 1983, courts routinely stayed punishment on kidnapping convictions pursuant to section 654[2] if the kidnapping was for the purpose of committing a sexual offense, provided the sexual offense was punished and the acts comprised an indivisible transaction arising out of a single course of conduct. (*People v. Masten* (1982) 137 Cal.App.3d 579 [187 Cal.Rptr. 515]; *People v. Panky* (1978) 82 Cal.App.3d 772 [147 Cal.Rptr. 341]; *People v. Rocco* (1971) 21 Cal.App.3d 96 [98 Cal.Rptr. 365].) In 1983 the Legislature enacted section 667.8 in response to the sentencing limitations imposed by section 654. (*People v. Hernandez* (1988) 46 Cal.3d 194, 205 [249 Cal.Rptr. 850, 757 P.2d 1013]; *In re Samuel B.* (1986) 184 Cal.App.3d 1100, 1108 [229 Cal.Rptr. 378].) Section 667.8 provides for a mandatory additional term of three years when the purpose of a kidnapping is to commit specified sex offenses.

An early version of the bill expressly provided it was intended to be an exception to the multiple punishment prohibition of section 654. This version of the bill specified the enhancement was to be imposed in lieu of the sentencing provisions of section 1170.1. The final bill as amended and enacted deleted this language but retained the mandatory nature of the

*See footnote, *ante*, page 411.
[1]All further statutory references are to the Penal Code.
[2]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one. . . ."

three-year enhancement. Legislative Counsel described the purpose and function of section 667.8 as follows: "Under existing law, persons convicted of a felony may have their prison sentences enhanced under certain circumstances. Chapter 950 mandates an additional three year prison term for persons convicted of a specified sex offense who kidnapped their victims to perpetrate the offense. This enhancement is to be distinct and in addition to the punishment prescribed for the sex offense." (*Review of Selected 1983 Legislation* (1984) 15 Pac.L.J. 600-601.)

In *In re Samuel B.*, *supra*, 184 Cal.App.3d 1100, this court held once the trial court finds the defendant kidnapped the victim for the purpose of committing the sexual offense, the court "cannot punish both offenses because of the proscription of section 654, but is mandated by section 667.8 to impose on defendant an additional three-year term." (184 Cal.App.3d at p. 1108.)

Similarly in *People* v. *Flores* (1987) 193 Cal.App.3d 915 [238 Cal.Rptr. 656], the decision on which Jackson relies, the defendant was convicted of forcible lewd conduct upon a child under the age of 14 with an enhancement for kidnapping for the purpose of committing the offense. He was also convicted of forcible sodomy, forcible oral copulation and kidnapping. The trial court selected the kidnapping conviction as the base term and imposed a midterm sentence of five years. The court then sentenced the defendant to full, separate consecutive terms for the sex offenses pursuant to section 667.6, subdivision (c). However, the trial court stayed execution of the enhancement under section 667.8 for kidnapping for sexual purposes. The appellate court found the law required the trial court to do just the reverse. Due to the mandatory nature of the enhancement, the court reasoned "the court's only choice in this case was to stay the execution of sentence on the kidnapping count but impose execution of sentence on the section 667.8 enhancement." (193 Cal.App.3d at p. 922.)

In *People* v. *Latimer* (1993) 5 Cal.4th 1203 [23 Cal.Rptr.2d 144, 858 P.2d 611], the defendant was convicted of kidnapping and several sexual offenses. A divided Court of Appeal held section 654 prohibited punishment for the kidnapping in addition to the rapes. The People filed a petition for review. In the Supreme Court the People urged the court to overrule the "intent and objective" test first articulated in *Neal* v. *State of California* (1960) 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], in order to make punishment available for each criminal act regardless if the defendant's objective in committing one crime was to facilitate the other. The court rejected the People's invitation to overrule its earlier decision. It held the principle of stare decisis and legislative reliance on its interpretation of

section 654, prohibiting multiple punishment for multiple acts committed with a single intent and objective, precluded any change to the judicial interpretation of section 654.

The court cited section 667.8 as an example of legislative reliance on the "intent and objective" test for defining an act under section 654. "Since [adoption of the Determinate Sentencing Act], there have been numerous changes in sentencing laws, including increases in the length of terms for many crimes. At this time, it is impossible to determine whether, or how, statutory law might have developed differently had this court's interpretation of section 654 been different. For example, the limitation the *Neal* rule placed on consecutive sentencing may have affected legislative decisions regarding the length of sentences for individual crimes or the development of sentence enhancements.

"These abstract concerns become concrete upon examination of the specific crimes involved in this case. In 1983, the Legislature added Penal Code section 667.8 [to provide for a mandatory three-year enhancement if the victim was kidnapped for the purpose of committing sexual offenses.] This enhancement was neither pled nor proven here, and thus cannot be applied. (*People* v. *Hernandez* (1988) 46 Cal.3d 194 [249 Cal.Rptr. 850, 757 P.2d 1013].) Its existence, however, substantially affects our ability to effectively overrule the *Neal* rule in this specific application.

"In *People* v. *Hernandez, supra*, 46 Cal.3d at page 203, we examined the history of Penal Code section 667.8, and concluded that the additional term it provides for 'was originally designed to eliminate the partial sentence reduction that might be gained by application of . . . the prohibition against multiple punishment contained in section 654 (if the kidnapping and sex offense were part of one indivisible course of conduct).' In other words, the Legislature was apparently aware that under the prevailing interpretation of section 654, consecutive sentences for a sexual offense and kidnapping would be impermissible if the *sole purpose of the kidnapping was to facilitate the sexual offense. It accepted that interpretation (although never affirmatively endorsed it), and enacted the three-year enhancement of section 667.8 to remedy the problem.

"If we now overrule *Neal*, and adopt a new rule that would allow consecutive punishment in this case, we would be left with both the ability to consecutively punish the kidnapping *and* the three-year enhancement of Penal Code section 667.8. Difficult questions would arise. Would both consecutive punishment and the enhancement be allowed? If so, the total sentence might well be greater than the Legislature ever contemplated, since section 667.8 might not have been enacted if consecutive sentencing had

always been allowed. If not, how do the enhancement and the consecutive sentence interact? What would the Legislature have intended if it had known of the new rule? On a more general front, what other statutes and legislative decisions may have been influenced by the *Neal* rule, and in what ways? These are questions the Legislature, not this court, is best equipped to answer." (5 Cal.4th at pp. 1215-1216, italics in original.)

Although the court found the kidnapping and rapes were separate acts, the evidence did not suggest any intent or objective behind the kidnapping other than to facilitate the rapes. Thus, because the kidnapping was for the purpose of committing the rapes and the defendant had been punished for the sexual offenses, the court concluded section 654 barred execution of the sentence on the kidnapping count and affirmed the judgment of the Court of Appeal. (5 Cal.4th at p. 1216.)

Similarly in the case at bar, Jackson was expressly charged with and the jury found the kidnapping was for the purpose of committing the sexual offenses. Because Jackson was punished for the sexual offenses, punishment on the kidnapping conviction must be stayed pursuant to section 654. (*People* v. *Latimer*, *supra*, 5 Cal.4th at p. 1216; see also *People* v. *Burns* (1984) 158 Cal.App.3d 1178, 1181 [205 Cal.Rptr. 356]; *People* v. *Galvan* (1986) 187 Cal.App.3d 1205, 1219 [232 Cal.Rptr. 410].) However, the mandatory three-year sentence on the section 667.8 enhancement must be imposed. (*People* v. *Flores*, *supra*, 193 Cal.App.3d at p. 922.)

The People contend multiple punishment may not be improper, citing the decision in *People* v. *Hicks* (1993) 6 Cal.4th 784 [25 Cal.Rptr.2d 469, 863 P.2d 714]. In *Hicks* the defendant was convicted of burglary and several violent sex offenses. The question before the court was whether section 667.6, subdivision (c), which authorizes full-term consecutive sentences for enumerated sexual offenses, whether or not the crimes were committed during a single transaction, created an exception to section 654's prohibition against multiple punishment for separate acts committed during an indivisible course of conduct. (6 Cal.4th at p. 791.) The court held it did. (6 Cal.4th at p. 792.) Thus, the court held the defendant could properly be punished for both the separate act of burglary and be given full-term consecutive sentences pursuant to section 667.6, subdivision (c) for the violent sex crimes, "notwithstanding section 654's general proscription against multiple punishment for offenses committed during an indivisible course of conduct." (6 Cal.4th at p. 797.)

At first glance the decision in *Hicks* might appear to support the People's position. However, this is not the case. The *Hicks* court took pains to point

out nothing in its decision would authorize the imposition of multiple punishment for the *same act.* (6 Cal.4th at pp. 790-791; see also *People* v. *Siko* (1988) 45 Cal.3d 820, 826 [248 Cal.Rptr. 110, 755 P.2d 294] [the Legislature did not intend by its enactment of section 667.6, subdivision (c) to repeal or amend the prohibition of double punishment for multiple violations based on the same act or omission].) However, in this case Jackson is subject to punishment twice for the same act of forcible asportation: the substantive offense of kidnapping for the purpose of committing the sexual offenses (§ 208) as well as for the enhancement for kidnapping for the purpose of committing the sexual offenses (§ 667.8).

In addition, the *Hicks* court noted the statutory violation its exception would create in cases such as this. It acknowledged imposition of punishment on the section 667.8 enhancement was mandatory, whether or not the trial court ordered consecutive sentences, and whether or not it exercised its discretion to order full-term consecutive sentences under section 667.6, subdivision (c). Because of the mandatory nature of the enhancement, and the fact it was specially enacted to avoid the bar of section 654 when the kidnap was for the purpose of committing the sexual offenses, the court acknowledged its interpretation of section 667.6, subdivision (c) as creating an exception to section 654 would probably still preclude multiple punishment for a defendant subject to punishment for both a conviction of kidnapping for sexual purposes as well as the enhancement for kidnapping for sexual purposes. "We recognize that our interpretation of section 667.6(c) raises the issue whether a defendant subject to a section 667.8 enhancement also could receive consecutive full-term sentences under section 667.6(c) for the same offenses. (See *People* v. *Latimer, supra,* 5 Cal.4th 1203, 1215-1216.) Even if we were to determine that the Legislature did not intend such a cumulative sentence (a question which is not before us and upon which we express no opinion), it would not follow that we should interpret the language of section 667.6(c) as failing to create an exception to section 654—an interpretation that would apply even in circumstances not involving section 667.8. Rather, we could effectuate such a legislative intent simply by holding that a defendant could not receive both a section 667.8 enhancement and consecutive full-term sentences under section 667.6(c) based upon the same offenses." (6 Cal.4th at p. 795, fn. 8.)

Thus, the decision in *Hicks* does not authorize multiple punishments for the same act of kidnapping for sexual purposes. The decision recognizes such punishment would be in violation of statute and likely contrary to the legislative intent behind the sentencing scheme for sexual offenses. Thus, the *Hicks* court suggested a defendant subject to a section 667.8 mandatory enhancement, specifically enacted to avoid the limitations of section 654, cannot also receive a full-term consecutive sentence for the same act.

In this case Jackson is impermissibly subject to multiple punishment for the same act of kidnapping for sexual purposes. Accordingly, under the authority of *Hicks, Latimer* and *Flores* we stay execution of sentence on the kidnapping for sexual purposes conviction in count I and order the stay dissolved on the section 667.8 mandatory enhancement.[3]

IV.   *There Is Insufficient Evidence of Great Bodily Injury in Count II to Support the Enhancement.*\*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

V.   *Insufficient Evidence Supports Swayzer's Armed With a Firearm Enhancements on Counts XIV Through XVII.*

█ Swayzer contends insufficient evidence supports the enhancements in counts XIV through XVII for being armed with a firearm (§ 12022, subd. (a)(1)). He argues no reported decision has sustained an arming enhancement unless the evidence established the defendant was at least in the vicinity of, or in close proximity to, the weapon. We agree.

In *People* v. *Reaves* (1974) 42 Cal.App.3d 852 [117 Cal.Rptr. 163], the court affirmed a finding a defendant who had pointed a gun at a store clerk during a robbery had "used a firearm" in the commission of the crime. In upholding the additional punishment the court noted: "The desire of the Legislature to prevent death and injury as a result of the involvement of firearms in the commission of crime is manifest from the various provisions for increased punishment for crimes where firearms are in some way involved. The underlying intent of the Legislature is to deter persons from creating *a potential for death or injury resulting from the very presence of a firearm at the scene of the crime. . . .*" (42 Cal.App.3d at p. 856, italics added.) The court found personal use of a firearm meant something more than just being armed with a firearm and concluded a "person is armed with a deadly weapon when he simply carries such weapon or has it available for use in either offense or defense." (*Id.* at pp. 856-857.)

In *People* v. *Stiltner* (1982) 132 Cal.App.3d 216 [182 Cal.Rptr. 790], the court upheld a finding the defendant was armed with a deadly weapon where the evidence demonstrated he committed forcible oral copulation while carrying a knife in his back pocket. The court found "[t]he statute at issue

---

[3]After the People made the trial court aware of the Supreme Court's decision in *Latimer,* the court stayed execution of the sentence imposed on Swayzer's conviction for kidnapping for sexual purposes (§ 208) and imposed a three-year enhancement on the finding the purpose of the kidnapping was to commit the sexual offenses (§ 667.8).

\*See footnote, *ante,* page 411.

does not require a defendant actually use the weapon for offense or defense, just that he carry it in a manner available for such use." (132 Cal.App.3d at p. 230.)

In *People* v. *Martinez* (1984) 150 Cal.App.3d 579 [198 Cal.Rptr. 565], the court affirmed the finding the defendant had committed rape while armed with a deadly weapon. There the evidence showed a screwdriver was beside the defendant on the bed while he raped the victim.

In *People* v. *Searle* (1989) 213 Cal.App.3d 1091 [261 Cal.Rptr. 898], the defendant was found to be armed with a firearm on evidence the defendant stored a loaded firearm in the trunk of the car from which he sold cocaine.

In *People* v. *Wandick* (1991) 227 Cal.App.3d 918 [278 Cal.Rptr. 274], the court upheld a finding the defendant was armed with a firearm where police officers executing a search warrant found illegal drugs as well as a gun in a holster hanging on the bedpost and another in a drawer of a portable closet.

In *People* v. *Mendival* (1992) 2 Cal.App.4th 562 [3 Cal.Rptr.2d 566], the defendant had a handgun on the front floorboard of the car he was driving to a drug sale rendezvous. The court rejected the defendant's argument he had to carry the weapon on his person to warrant the sentence enhancement. "It would be ludicrous to conclude a criminal could have a gun on the console of his vehicle or on the table in front of him and find that this did not meet the definition of armed. He has insured that a firearm is as accessible to him as if he had placed it in a holster on his hip. It is the availability—the ready access—of the weapon that constitutes arming." (2 Cal.App.4th at pp. 573-574.) The court defined the term "available" as meaning " 'that can be used, usable . . . [¶] that can be got, had, or reached; handy; accessible. . . .' " (2 Cal.App.4th at p. 575; see also *People* v. *Gonzales* (1992) 8 Cal.App.4th 1658 [11 Cal.Rptr.2d 267] [armed finding upheld on evidence police found rifle on sofa where the defendant had been sitting].)

By contrast, in *People* v. *Balbuena* (1992) 11 Cal.App.4th 1136 [14 Cal.Rptr.2d 640], the court held the evidence was insufficient to sustain the finding the defendant was armed with a firearm. Police executing a search warrant found the defendant and his wife lying on the floor in the living room near the door to the kitchen. Approximately 12 feet away from the defendant were three latched suitcases containing the defendant's and his wife's personal belongings. One of the suitcases contained a handgun concealed among the clothing. The court held this was insufficient evidence to show the defendant had the gun available for either defensive or offensive use. "The gun was not within the defendant's reach, nor had it been placed

in a position of especially ready access, nor was it loaded and ready for use, nor was there anything to connect the gun to the commission of the [drug] offenses. . . . [¶] . . . The evidence tended to show defendant and his wife had been living in the house, keeping their belongings in suitcases and boxes. The gun, the jury could reasonably have found, was among those possessions. But gun ownership or possession, alone, does not constitute being armed in the commission of an offense." (11 Cal.App.4th at p. 1139.)

Similarly in the case at bar, the evidence is insufficient to establish Swayzer had the gun available for use during the sexual assaults which occurred at the tree, at the apartment building and at the motel, where the evidence demonstrated these particular crimes occurred a substantial distance away from the car containing the gun.

During the rape and oral copulation in the car Linda A. testified Swayzer had the gun between the car seats. After the episode in the car Swayzer took Linda A. to a vacant lot two blocks away and raped her (count XIV). When they heard gunshots they ran to an apartment building where he again raped her (count XV). Linda A. testified during these two incidents she did not see a gun and did not know whether Swayzer had the gun with him. She testified he forced her into submission by holding onto her hair and threatening to break her neck. Following these two rapes Swayzer drove Linda A. to a motel where he raped and forced her into acts of oral copulation (counts XVI and XVII). Linda A. testified Swayzer left the gun under the car seat when they went into the motel.[4]

Evidence a gun was in a car two blocks away from where the crimes occurred is insufficient evidence of the presence of a firearm "at the scene of the crime" (*Reaves*). Nor from this distance of two blocks was the gun "available for use" as that phrase is defined where he could not reach it or have "ready access" to the gun (*Mendival*). The same can be said of the crimes committed in the motel room. The evidence supporting these two counts established the crimes were committed in a motel room while the gun was stored under the seat in the car some undetermined distance away. The gun was not within his reach, nor had it been placed in a position of especially ready access (*Balbuena*).

---

[4]Prior to trial the trial court granted Swayzer's motion and reduced the gun use in sex offense allegations (§ 12022.3) to armed allegations (§ 12022, subd. (a)(1)) for the two offenses in the motel room (counts XVI and XVII). At the time of sentencing the trial court reduced the gun use allegations in counts XIV and XV to armed allegations on the basis there was no evidence from which the jury could have found Swayzer had the gun with him at the time of the rapes at the tree and at the apartment wall. We conclude the evidence was equally insufficient to establish Swayzer had the gun available for use during these four sexual assaults where the evidence demonstrated the gun was stored a substantial distance away in the parked car.

As noted, the purpose behind the sentence enhancement provisions for crimes where firearms are involved is to "deter persons from creating the potential for death or injury resulting from the very presence of a firearm at the scene of the crime." (*People* v. *Reaves, supra,* 42 Cal.App.3d at p. 856.) However, this threat is appreciably diminished, if not removed, where access to a firearm is only a theoretical possibility. For this reason, as the foregoing authorities point out, to warrant the increased punishment for being armed with a firearm there must be some evidence the presence of the gun at the scene of the crime created an increased risk because it was within reach, handy or accessible to the defendant.

The authorities the People cite do not compel an opposite conclusion. In *People* v. *Garcia* (1986) 183 Cal.App.3d 335 [228 Cal.Rptr. 87], the defendant was interrupted during the commission of a burglary and ran out of the house he was burglarizing. He had already entered the garage and adjacent kitchen and had stacked the homeowner's power tools in the center of the garage. On the garage floor defendant left behind twelve .22-caliber bullets. Just outside the garage was a .22-caliber handgun which did not belong to the homeowner. The defendant received an aggravated sentence based on the fact he was "armed with . . . a weapon at the time of the commission of the crime." (Cal. Rules of Court, rule 421(a)(2).) The defendant argued imposition of the upper term on the burglary count for being armed was inappropriate. The appellate court disagreed stating "[t]he fact that a burglar may temporarily divest himself of a weapon, *leaving it ready to hand,* does not make him any less 'armed.'" (183 Cal.App.3d at p. 350, italics added.) The court affirmed the enhanced sentence for being armed with a firearm because the evidence established the gun was available at the scene of the burglary. (*Id.* at pp. 350-351.)

We find no fault with this analysis. However, unlike in *Garcia,* here the evidence established the gun was not even present, let alone accessible, at the scene of the sexual assaults at the tree, apartment wall or in the motel room.

The People also rely on the decision in *People* v. *Castro, supra,* 27 Cal.App.4th 578. In *Castro* the defendant was charged with rape in concert. The defendant argued the weapon use enhancement should be stricken because he did not use the knife until after he raped the victim. However, unlike the present case, the evidence in *Castro* established the weapon was present at the scene of the rape. His accomplice, who assisted the defendant in the rape, carried the knife in a sheath on his belt during the entire episode.

We conclude the arming enhancements for counts XIV through XVII were not justified by the evidence and must be reversed.

## DISPOSITION

The judgments of conviction are affirmed. Regarding appellant Jackson, his sentence is modified to provide he is sentenced to an additional consecutive three-year term pursuant to section 667.8 and that execution of sentence on count I, kidnapping for sexual purposes (§ 208) with personal use of a firearm (§ 12022.3, subd. (a)), is stayed, the stay to become permanent upon completion of sentence as to counts II, III, IV, V, VI VIII and IX and the additional terms imposed for enhancements related to those counts. Jackson's sentence is further modified to provide the great bodily injury enhancement (§ 12022.8) imposed on count II is reversed for insufficient evidence. Jackson's total sentence as modified is 93 years in state prison.

As to appellant Swayzer, the findings he was armed with a firearm on counts XIV through XVII (§ 12022, subd. (a)(1)) are reversed for insufficient evidence.[5] Swayzer's total sentence as modified is 71 years in state prison.

Lillie, P. J., and Woods (Fred), J., concurred.

The petition of both respondent and appellants for review by the Supreme Court was denied May 11, 1995. Mosk, J., and George, J., were of the opinion that the petition should be granted.

---

[5]The parties point out Swayzer's sentence was enhanced for being armed with a firearm pursuant to section 12022, subdivision (a)(1) and not under section 12022.3, subdivision (a) as erroneously reflected in the abstract of judgment.