Filed 5/13/24  P. v. Velarde CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THOMAS RUBEN VELARDE,<br><br>    Defendant and Appellant. | B325482<br><br>(Los Angeles County<br>Super. Ct. No. TA104773-02) |

APPEAL from an order of the Superior Court of Los Angeles County, Tammy Chung Ryu, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael C. Keller and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2015, Thomas Ruben Velarde pleaded no contest to voluntary manslaughter and attempted murder charges, and admitted gang and firearm allegations.  In 2022, Velarde filed a petition for resentencing under Penal Code former section 1170.95 (now section 1172.6).[1]  The superior court denied the petition without issuing an order to show cause.  We conclude that the record of conviction does not refute Velarde's prima facie case for relief as a matter of law.  We reverse and direct the superior court to vacate its order denying the petition, issue an order to show cause, and conduct further proceedings in accordance with section 1172.6, subdivision (d).

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Underlying Crimes*

In January 2009, deputies from the Los Angeles County Sheriff's Department responded to a call regarding a shooting in Compton.[2]  When the deputies arrived at the scene, a restaurant parking lot, they found three victims who appeared to have been shot.  Paramedics pronounced one victim dead upon their arrival.

---

[1]     Statutory references are to the Penal Code.

[2]     We describe facts from the preliminary hearing transcript to provide background and context for the parties' arguments.  Except where expressly stated, we take no position on whether evidence from the preliminary hearing is admissible to determine if Velarde made a prima facie showing.  (*People v. Flores* (2022) 76 Cal.App.5th 974, 978, fn. 2.)

An investigating deputy spoke to two witnesses who were working security at a nearby party. The witnesses stated they heard gunshots and ran to the scene where they saw two men with handguns standing near a car. When one of the men pointed his gun at one of the witnesses, both witnesses fired at the man. Amidst the gunfire, the two men got into the car and drove away.

At the scene, deputies found a key ring with a gym membership tag belonging to Patricio Michel. Using the tag, law enforcement officers found the getaway car and arrested Michel. Michel said he and Velarde were at the scene and Velarde shot the victims.

Deputies tried but were unable to find Velarde. They later received information that Velarde had fled to Mexico. In 2013, Mexican authorities notified the sheriff's department that they had detained Velarde. Velarde was eventually extradited from Mexico to California.

B.     *The Information, Negotiated Plea, and Sentencing*

The People charged Velarde with one count of murder (§ 187, subd. (a)), two counts of attempted murder (§§ 664, 187, subd. (a)), and two counts of assault with a firearm (§ 245, subd. (a)(2)). With the attempted murder charges, the People specially alleged that Velarde committed the offenses "willfully, deliberately and with premeditation." With the murder and attempted murder charges, the People specially alleged Velarde personally used a firearm (§ 12022.53, subd. (b)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and personally and intentionally discharged a firearm proximately causing great bodily injury or death (§ 12022.53, subd. (d)). With

3

the assault charges, the People specially alleged Velarde personally used a firearm during the commission of the offenses (§ 12022.5, subd. (a)).  For all five charges, the People specially alleged that a principal personally and intentionally used and discharged a firearm proximately causing great bodily injury or death (§ 12022.53, subds. (b), (c), (d) & (e)(1)), and that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).

In March 2015, the parties appeared in court for a change of plea hearing.  On the People's motion, the court reduced Velarde's murder charge to voluntary manslaughter (§ 192, subd. (a)).  After the prosecutor advised Velarde of the charges and allegations in the "amended information," Velarde pleaded no contest to voluntary manslaughter and two counts of attempted murder.  He also admitted the allegations that he committed manslaughter for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C), and that he personally used a firearm within the meaning of section 12022.53, subdivision (b), in connection with the manslaughter and one of the attempted murders.[3]  In joining the plea, Velarde's counsel stipulated "to a factual basis for the plea based on the arrest reports and transcripts."  The superior court dismissed the remaining charges and allegations, including the allegations that Velarde committed attempted murder willfully, deliberately, and

---

[3]      We recognize the enhancements under section 12022.53 do not apply to voluntary manslaughter.  (§ 12022.53, subd. (a); *People v. Fialho* (2014) 229 Cal.App.4th 1389, 1395.) Nonetheless, we decline to further address an issue that was not raised by either party and does not affect our analysis here.

with premeditation.  The court sentenced Velarde to an aggregate prison term of 39 years.

### C.    *Velarde's Petition for Resentencing*

In August 2022, Velarde, representing himself, filed a petition for resentencing under former section 1170.95 (now section 1172.6).  Checking boxes on a form petition, Velarde requested appointment of counsel and alleged the People filed an information that allowed the prosecution to proceed under a theory of felony murder or murder or attempted murder under the natural and probable consequences doctrine, that he accepted a plea offer in lieu of trial at which he could have been convicted of murder or attempted murder, and that he could not now be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

The superior court appointed counsel and ordered briefing.  In their opposition, the People argued Velarde "pled to voluntary manslaughter and attempted murder with the personal use of a firearm," which showed he "was the direct perpetrator" and thus not eligible for relief under section 1172.6.  To support this argument, the People attached a copy of the minute order from the plea hearing.  Through counsel, Velarde asserted in a written response that his no contest plea did not render him ineligible for relief under section 1172.6.

The superior court denied Velarde's petition without issuing an order to show cause.  The court ruled Velarde was ineligible for relief under section 1172.6 because the information and plea showed he "was prosecuted and pled as being the actual shooter in this matter."  Velarde timely appealed.

# DISCUSSION

## A.     *Senate Bill No. 1437 and Section 1172.6*

Effective 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowed the scope of the felony-murder rule (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Curiel* (2023) 15 Cal.5th 433, 448-449; *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957).  Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e).  The latter provision now requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); an aider and abettor to murder who had the intent to kill (§ 189, subd. (e)(2)); or a major participant in an underlying felony listed in section 189, subdivision (a), who acted with reckless indifference to human life as described in subdivision (d) of section 190.2.  (§ 189, subd. (e)(3); see *Curiel*, at p. 448; *People v. Wilson* (2023) 14 Cal.5th 839, 868-869; *Strong*, at p. 708; *Gentile*, at pp. 842-843.)

With these changes, the Legislature also provided a procedure (now codified in section 1172.6) for "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural

and probable consequences doctrine, or manslaughter" to petition the superior court to vacate the conviction and be resentenced on any remaining counts if the person could not now be convicted of murder, attempted murder, or manslaughter because of the changes to sections 188 and 189. (§ 1172.6, subd. (a); see Sen. Bill No. 775, ch. 551 (2021-2022 Reg. Sess.) § 1 [extending Senate Bill 1437's ameliorative changes and procedure for potential relief to individuals convicted of attempted murder or voluntary manslaughter].)

If a section 1172.6 petition contains all the required information, the sentencing court must appoint counsel to represent the petitioner if requested. (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 962-963; see § 1172.6, subd. (b)(1)(A), (b)(3).) The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing that the petitioner is entitled to relief. (§ 1172.6, subd. (c).) If the petitioner makes such a showing, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c) & (d)(1).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, ""the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."" (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971; see *People v. Curiel*, *supra*, 15 Cal.5th at p. 460.) The court may consider the record of conviction, which

7

will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971; see *Curiel*, at pp. 463-464.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; see *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

"Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*. "'[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,'" thereby deeming the petitioner ineligible." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; see *People v. Curiel*, *supra*, 15 Cal.5th at p. 460; *People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) "We review de novo whether the trial court conducted a proper inquiry under section 1172.6, subdivision (c)." (*People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)

### B. *The Superior Court Erred in Denying Velarde's Petition Without Issuing an Order To Show Cause*

#### 1. *Velarde made a prima facie case for relief*

Velarde made a prima facie showing of eligibility for relief under section 1172.6. He averred in his petition for resentencing that he pleaded no contest to voluntary manslaughter and attempted murder in lieu of going to trial, that the People could have proceeded at trial under the felony-murder rule or the

8

natural and probable consequences doctrine, and that he could not now be convicted of murder or attempted murder because of the changes to sections 188 and 189. (See § 1172.6, subd. (a)(1)-(3).) We accept these allegations as true, unless the record of conviction establishes Velarde is ineligible for relief as a matter of law. (*People v. Curiel*, *supra*, 15 Cal.5th at p. 460; *People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)

> 2. *The record of conviction does not establish that Velarde is ineligible for relief as a matter of law*

The portions of the record of conviction on which the superior court relied, the information and plea, do not establish Velarde is ineligible for relief as a matter of law. The People originally charged Velarde with committing murder and attempted murder "unlawfully and with malice aforethought." These generic charges allowed the People to prosecute Velarde under a theory of imputed malice, including the natural and probable consequences doctrine. (See § 1172.6, subd. (a)(1); *People v. Estrada* (2024) 101 Cal.App.5th 328, 337-338 ["Because the crime of attempted murder was generically charged, the complaint allowed the prosecution to proceed on a theory of attempted murder under the natural and probable consequences doctrine"]; *People v. Davenport* (2021) 71 Cal.App.5th 476, 484 ["'The allegation that a murder was committed "'willfully, unlawfully, and with malice aforethought'" is a well-recognized way of charging murder in [a] generic sense,'" which "does 'not limit the People to prosecuting [defendant] on any particular theories'"].)

Likewise, in pleading no contest to charges of voluntary manslaughter and attempted murder, Velarde did not admit to

9

any specific theory of guilt.  (See § 1172.6, subd. (a)(2); *People v. Estrada*, *supra*, 101 Cal.App.5th at p. 338 [petitioner was not ineligible for relief where he "did not admit he harbored an intent to kill" in pleading to voluntary manslaughter and attempted murder charges]; *People v. Flores*, *supra*, 76 Cal.App.5th at p. 987 [petitioner was not ineligible for relief where, "[i]n entering his plea, petitioner did not admit to or stipulate to any particular theory of murder"]; *People v. Eynon*, *supra*, 68 Cal.App.5th at p. 977 [petitioner was not ineligible for relief where, in entering his plea, the petitioner "did not admit facts supporting liability on any particular theory, and the generic pleading encompassed theories—such as natural and probable consequences and felony murder—that did not require [him] to have acted with malice"].) Nor for that matter did Velarde admit as part of the factual basis for his plea that he shot the victims.  (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 234 [while "[i]n some cases, the record may reveal that a defendant admitted *more* than the elements of the offense charged, and such additional admissions may preclude relief," the defendant was not ineligible for relief where he "made no admissions related to the murder other than pleading no contest to the count as charged"].)

The People try to distinguish this case from *Rivera* and *Eynon* by emphasizing that here, unlike in those decisions, the prosecution "did not charge a codefendant or suggest that anyone other than [Velarde] was involved in the commission of the crime."  This argument is not persuasive because the record indicates another defendant was convicted of charges related to Velarde's.  (See also *People v. Estrada*, *supra*, 101 Cal.App.5th at p. 339 [rejecting similar argument, noting "a charging decision does not establish any facts as a matter of law" and "we are

10

aware of no authority requiring prosecutors to try all codefendants together"].)  Specifically, at Velarde's sentencing hearing, the court referred to Patricio Michel as a codefendant who stipulated with Velarde to an amount owed in victim restitution.  Moreover, the People provide further context for Michel's involvement in and arrest following the incident that led to Velarde's charges by citing the preliminary hearing transcript in their brief.[4]

### 3. *The firearm enhancement does not establish that Velarde is ineligible for relief*

Velarde did admit that in committing manslaughter and attempted murder he "personally used a firearm" within the meaning of section 12022.53, subdivision (b).  Relying on that admission, the People contend the word "personally" functions to limit liability to the direct perpetrator and not an aider and abettor.  (See *People v. Cole* (1982) 31 Cal.3d 568, 579 [use of "personally" under section 12022.7 limits the category of persons subject to the enhancement to those who directly inflict great

---

[4]     The existence of a codefendant also distinguishes this case from the recent decision in *People v. Mares* (2024) 99 Cal.App.5th 1158, 1167-1169, review granted May 1, 2024, S284232, where the court considered dispositive at the prima facie stage an absence of any evidence in the record to support the petitioner's contention that he was not the actual killer but instead an accomplice to a murder committed by some other person.  Because we distinguish this case on that ground, we need not take a position on the *Mares* court's consideration of the preliminary hearing transcript to determine the petitioner had failed to state a prima facie case under section 1172.6.  (*Mares*, at pp. 1167-1168.)

bodily injury]; *People v. Balbuena* (1992) 11 Cal.App.4th 1136, 1139 [use of "personally" under section 12022, subdivision (c), eliminates vicarious liability and requires that the "defendant himself be armed"], disapproved on another ground in *People v. Bland* (1995) 10 Cal.4th 991, 1001, fn. 4.)

However, under section 12022.53, subdivision (b), the word "personally" modifies the word "use," and courts have consistently stated that a "finding of personal use [of a firearm] . . . [does] not in itself prove [a] defendant was the actual killer." (*People v. Jones* (2003) 30 Cal.4th 1084, 1120; *People v. Granado* (1996) 49 Cal.App.4th 317, 325 ["if the defendant is found on substantial evidence to have displayed a firearm in order to facilitate the commission of an underlying crime, a use of the gun has occurred both as a matter of plain English and of carrying out the intent" of the sentencing enhancements].) As the Supreme Court explained in *Jones*, "[i]f two robbers display guns to intimidate robbery victims and one shoots and kills a victim, both robbers could be found to have personally used a gun in the robbery and the felony murder, even though only one is the actual killer." (*Jones*, at p. 1120.) It is possible that in committing his crimes Velarde personally *used* a firearm by brandishing it as an accomplice to an assault by a perpetrator who shot the victims as a natural and probable consequence of the assault. (See *People v. Offley* (2020) 48 Cal.App.5th 588, 598 [defendant's sentence enhancement under section 12022.53, subdivision (d), for personally and intentionally discharging a firearm and proximately causing great bodily injury or death did not preclude him from relief under section 1172.6 because the enhancement "does not require the prosecution to prove that the

12

defendant harbored a particular mental state as to the victim's injury or death"].)

Thus, contrary to the superior court's ruling on Velarde's petition, the information and plea do not demonstrate as a matter of law that Velarde was convicted under a theory that is still valid after the amendments to sections 188 and 189.

4.    *Hearsay evidence from the preliminary hearing may not be used to refute Velarde's prima facie showing*

For the first time on appeal, the People argue the transcript of the preliminary hearing shows "the prosecutor's only theory of liability was that [Velarde] personally shot the victims." There is a split of authority on whether a court may consider a preliminary hearing transcript to determine if the petitioner has stated a prima facie case under section 1172.6. (See *People v. Flores*, *supra*, 76 Cal.App.5th at p. 989.) To that end, the Supreme Court granted review in *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670, to determine whether a court engages in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny a petition under section 1172.6 at the prima facie stage.

We do not have to take a side in this dispute here. The People base their argument solely on an investigating deputy's testimony about statements from witnesses who identified Velarde as the shooter. All of this testimony is hearsay evidence that was admitted at the preliminary hearing pursuant to section 872, subdivision (b). (§ 872, subd. (b) [permitting a finding of probable cause following a preliminary hearing "in whole or in part upon the sworn testimony of a law enforcement

13

officer or honorably retired law enforcement officer relating the statements of declarants made out of court offered for the truth of the matter asserted"].)

Unless another exception to the hearsay rule applies, hearsay evidence admitted in a preliminary hearing pursuant to section 872, subdivision (b), may not be used at an evidentiary hearing under section 1172.6.  (§ 1172.6, subd. (d)(3).)  While section 1172.6, subdivision (d)(3), only applies to the admission of evidence at the evidentiary hearing, we "fail to see how evidence that cannot establish a petitioner's ultimate eligibility for resentencing could establish a petitioner's ineligibility for resentencing at the prima facie stage." (*People v. Flores*, *supra*, 76 Cal.App.5th at p. 988, fn. 9; see also *People v. Patton*, *supra*, 89 Cal.App.5th at p. 652, fn. 2, review granted [disregarding at the prima facie stage testimony admitted at the preliminary hearing under section 872, subdivision (b)].)  The People do not argue the investigating deputy's testimony is admissible under a different exception to the hearsay rule.  Accordingly, we will not consider the evidence for purposes of Velarde's prima facie showing.

We are not persuaded otherwise by *People v. Pickett* (2023) 93 Cal.App.5th 982, review granted October 11, 2023, S281643, and *People v. Patton*, *supra*, 89 Cal.App.5th 649, review granted.  These two cases, which the People cite for support, determined the trial court did not err in its consideration of uncontroverted preliminary hearing evidence.  (*Pickett*, at p. 990; *Patton*, at pp. 657-658.)  But they are distinguishable because neither involved only hearsay evidence admitted pursuant to section 872, subdivision (b).  (*Pickett*, at p. 989 [eyewitness testimony identifying the defendant as the shooter and stipulation that the

14

medical examiner who performed the autopsy would testify that the victim died from a gunshot wound]; *Patton*, at p. 657 ["Police officers testified at the preliminary hearing that they had watched the surveillance video and they knew and recognized [the defendant] as the sole perpetrator, who approached [the victim] as he stood at the motel clerk's desk and fired several rounds at him"].)[5]

In sum, Velarde alleged sufficient facts to establish a prima facie case for relief under section 1172.6, and the record of conviction does not conclusively refute those facts. The superior court thus erred in failing to issue an order to show cause and setting the matter for an evidentiary hearing.

---

[5] The decisions are also distinguishable insofar as they—like the decision in *People v. Mares*, *supra*, 99 Cal.App.5th 1158, review granted—are based on a complete absence of argument and evidence in the record supporting a theory that the petitioner was only an accomplice and not the actual killer. (*People v. Pickett*, *supra*, 93 Cal.App.5th at pp. 990, 993, review granted ["there is no allegation or evidence of an accomplice in the killing of [the victim]; the uncontradicted evidence shows that [petitioner] acted alone"]; *People v. Patton*, *supra*, 89 Cal.App.5th at p. 657, review granted ["In the trial court, Patton never offered any theory to support his implicit contention now that he was an accomplice and not the person who actually shot Jackson. Nor, on appeal, has Patton even suggested what facts he has to demonstrate that someone else shot Jackson and he was merely an accomplice"].) As discussed, contrary to these cases, the record here shows a codefendant was involved in the underlying incident, thus lending support to a theory that Velarde was prosecuted as an accomplice.

15

## DISPOSITION

The order denying Velarde's petition for resentencing is reversed.  On remand, the superior court is directed to vacate its order denying the petition, issue an order to show cause, and conduct further proceedings in accordance with section 1172.6, subdivision (d).

RAPHAEL, J.[*]

We concur:

SEGAL, Acting P. J.

FEUER, J.

---

[*]     Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.