Filed 8/23/22 P. v. Minick CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C095111 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF20-2485) |
| v. | |
| TRAVIS RAY MINICK, | |
| Defendant and Appellant. | |

Defendant Travis Ray Minick pleaded no contest to one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378) and admitted a prior strike conviction for burglary. (Pen. Code, § 459.)[1] The plea agreement called for defendant to complete a residential treatment program, after which the trial court would strike the strike and grant probation. Defendant failed to complete the program. The trial court imposed the upper term, doubled by the strike.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant contends that Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567), which took effect while this appeal was pending, applies retroactively to his case and requires reversal of his sentence and remand for resentencing. The People agree that Senate Bill 567 applies but argue the trial court sufficiently complied with the new law in selecting an upper term sentence and any error was harmless. We agree with the parties that Senate Bill 567 applies retroactively. We conclude that the trial court complied with amended section 1170, subdivision (b) regarding one aggravating circumstance the court relied on in sentencing defendant to the upper term. We further conclude the court's consideration of additional aggravating circumstances that are inconsistent with the new statutory standard was harmless error.

Lastly, the parties agree, as do we, that the abstract of judgment incorrectly stated that defendant was obligated to pay a $705 drug program fee which, under Health and Safety Code section 11372.7, subdivision (a), may not exceed $150 for each offense. We will order the abstract of judgment corrected.

The judgment is otherwise affirmed.

### BACKGROUND

The People charged defendant with one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378—count 1) and one count of receiving a stolen vehicle. (§ 496, subd. (a)—count 2.) As to the drug possession count, the information also alleged that defendant had previously been convicted of a serious felony, first degree burglary (§ 459), which constitutes a strike under California's Three Strikes law.

Defendant entered a no contest plea to count 1 and admitted the prior strike conviction. Under the plea agreement, defendant was given the opportunity to complete a minimum six-month residential treatment program. If defendant successfully completed the program, the strike would be stricken and defendant would be given an unusual case finding and granted probation. If defendant did not complete the program, he could be sentenced to a minimum of 16 months to maximum of three years, doubled

2

by the strike. Defendant was given 30 days to find a treatment program and return to court for a review hearing. Other charges against defendant were dismissed.

Defense counsel stated that the parties stipulated to the factual basis of the plea to count 1 being the report of the Yuba County Sheriff's Office, and that witnesses would testify that defendant was found to be in possession of 46 grams of methamphetamine, a scale, a pipe and other stolen property. Also, an expert witness would testify that possession of the methamphetamine was for purposes of sale based on the amount and other paraphernalia in defendant's possession. Defendant admitted that, as alleged in the information, he had a prior conviction for first degree residential burglary.

Defendant failed to complete a residential treatment program and the trial court set a sentencing hearing. The matter was referred to the probation department to prepare a presentence report. The probation report noted that defendant's criminal record included five misdemeanor convictions, three probation violations, a parole violation, and seven felony convictions for first degree burglary, receiving stolen property, second degree burglary, three counts of transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)), and possession of a firearm by a felon (§§ 29800, 29805), as well as that defendant had served multiple prior prison terms. As circumstances in aggravation, the probation report stated that defendant's prior convictions as an adult are numerous (Cal. Rules of Court, rule 4.421(b)(2));[2] defendant had served prior prison terms (rule 4.421(b)(3)); and defendant's prior performance on probation was unsatisfactory. (Rule 4.421(b)(5).) No mitigating factors were noted. The report recommended that defendant be sentenced to the upper term of three years, doubled to six years by the strike.

---

[2] Undesignated rule references to the California Rules of Court.

At the sentencing hearing, defense counsel requested the doubled midterm of four years, noting that defendant had not been convicted of a felony since 2014. The prosecutor agreed with the probation report's recommendation of the upper term.

The trial court explained the aggravating circumstances it considered in deciding whether to select an upper term sentence: (1) "46 grams" of methamphetamine that defendant possessed for sale was "[n]ot an insignificant amount"; (2) defendant had a "history of DUIs"; (3) defendant was convicted of first degree burglary and served a prison term; (4) defendant was convicted of receiving stolen property and served a second prison term; (5) defendant violated parole; (6) defendant had a second burglary conviction and served another prison term; (7) defendant had three drug transportation convictions involving "very significant" quantities; (8) defendant was convicted of two felonies for possession of a firearm by a felon; and (9) defendant had recently been charged with misdemeanor drug violations that were dismissed in the current case.

The court said, "So he's not exactly a stranger to the criminal justice system. We have what? At least seven prior felonies in this matter. He was given an opportunity to address a drug issue. Evidence is clear. Possession for sale in this case. With the number of prior convictions, violations of parole and probation that he has [in]curred previously, certainly is not a low-term type individual. [¶] And look at this request for the mid term. It's true that since 2014 we really haven't seen so much contact with him. Perhaps that's why he was given the opportunity that he was given in this matter. [¶] Looking at the big picture of defendant's convictions, also considering the facts of this case, it's not ten grams. We have a very significant quantity possessed for nothing other than selling it to other people. [¶] Aggravating circumstances in this case are very significant. And I place great weight on them."

The trial court sentenced defendant to the upper term of three years, doubled by the strike, for an aggregate term of six years.

4

Approximately one month after the sentencing hearing, the Legislature enacted Senate Bill 567, which took effect on January 1, 2022. Among other things, the bill amended section 1170, subdivision (b) to prohibit trial courts from considering aggravating circumstances when selecting an upper term sentence unless the facts underlying each aggravating factor have been established by one of three prescribed methods. (See Stats. 2021, ch. 731, § 1.3.)

DISCUSSION

I

*Defendant's Upper Term Sentence*

Defendant contends that Senate Bill 567 applies retroactively to require reversal of his sentence and remand for resentencing because, with the exception of a 2001 burglary conviction that defendant admitted, none of the facts supporting the aggravating circumstances the trial court relied on when it selected an upper term sentence was stipulated to by defendant, found true beyond a reasonable doubt at trial by a jury or judge in a court trial, or proven by certified records. The People argue we should affirm defendant's sentence because the trial court relied on defendant's criminal history in imposing the upper term, which the new law permits, and because any errors under that law were harmless.

We conclude that while defendant stipulated to only one prior conviction, which was insufficient to support a "numerous" prior convictions aggravating circumstance (rule 4.421(b)(2)), he stipulated to facts supporting a significant quantity of contraband aggravating circumstance. (Rule 4.421(a)(10).) One aggravating circumstance established as required by section 1170, subdivision (b)(2) is sufficient to support selection of the upper term under the amended statute. Further, the trial court's consideration of defendant's criminal history as an aggravating circumstance that did not meet the requirements of the amended statute was harmless error.

5

A.    *Retroactive application of Senate Bill 567*

Senate Bill 567 amended section 1170, subdivision (b) so that, among other things, aggravating circumstances now only justify the imposition of an upper term sentence if "the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) The amended statute also adds a third acceptable method of factfinding, permitting courts to "consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

The People correctly concede that the amended version of section 1170, subdivision (b) applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal. (See *In re Estrada* (1965) 63 Cal.2d 740,745; *People v. Conley* (2016) 63 Cal.4th 646, 657 ["in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible"]; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 [holding Senate Bill 567 applies retroactively to nonfinal convictions on appeal]; *People v. Flores* (2022) 75 Cal.App.5th 495, 500 [same].)

B.    *Prior convictions*

The trial court's statement of aggravating circumstances based on defendant's criminal history fell into several of the categories set forth in rule 4.421: (1) the numerosity of defendant's prior convictions (rule 4.421(b)(2)); (2) defendant had served prior prison terms (rule 4.421(b)(3)); and (3) defendant's prior performance on probation and parole was unsatisfactory. (Rule 4.421(b)(5).)

The People contend that defendant's prior convictions and poor performance on probation and parole were properly established and may be considered under the amended law because the trial court relied upon defendant's stipulation and certified

6

records under section 1170, subdivision (b)(3). As an initial matter, we disagree that section 1170, subdivision (b)(3) allows the trial court to find any underlying facts other than the prior convictions themselves. Subdivision (b)(3) specifies repeatedly that the only exception created is for prior convictions: "[T]he court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).) The statute clearly does not codify the much broader exception described in *People v. Towne* (2008) 44 Cal.4th 63, which allows judicial consideration of facts related to a defendant's recidivism without violating the Sixth Amendment. (*Id.* at pp. 79-83; see also *People v. Gallardo* (2017) 4 Cal.5th 120, 124-125 [disapproving Sixth Amendment precedent and limiting judicial factfinding about the facts underlying a defendant's prior conviction].)

Here, there were no certified records of prior convictions presented to the trial court, leaving only one prior conviction admitted by defendant properly established under amended section 1170, subdivision (b). One prior conviction is insufficient to establish the aggravating circumstance of "numerous" prior convictions under rule 4.421(b)(2). (See *People v. Searle* (1989) 213 Cal.App.3d 1091, 1098 [three prior convictions deemed " 'numerous' "]; see also *People v. Black* (2007) 41 Cal.4th 799, 818 [citing approvingly this conclusion in *Searle*].)

C. *Large quantity of contraband*

In stating the circumstances in aggravation considered, the trial court referred to "46 grams" of methamphetamine as a "very significant amount possessed for nothing other than selling it to other people." Rule 4.421(a)(10) states as an aggravating circumstance that "[t]he crime involved a large quantity of contraband." Defendant stipulated as the factual basis for the plea, the report that the Yuba County Sheriff's Office, and that witnesses would testify that defendant was found with "46 grams of methamphetamine," and an expert witness would testify that defendant possessed the

7

methamphetamine for sale in part based on the amount. Defendant's stipulation to this fact specifying the exact amount of methamphetamine he possessed and the court's reliance on the stipulated fact to support its finding of circumstances in aggravation sufficiently complies with the retroactive requirements of section 1170, subdivision (b)(2). (Cf. *People v. Maldonado* (2009) 172 Cal.App.4th 89, 92-93 [police officers testified as experts that 19.92 grams of methamphetamine found in the defendant's jacket was possessed for sale, "[b]ased on the large quantity of methamphetamine"].)

In reply, defendant argues that the trial court did not rely on his stipulation that he possessed 46 grams for sale as involving a large quantity of contraband, but made a finding that it was " 'not an insignificant amount' " and " 'a very significant quantity.' " As reflected in *Maldonado*, the amount of methamphetamine establishes that it constitutes a "large quantity" and, in this instance, the amount was more than twice that in *Maldonado*. We conclude that defendant stipulated that he was in possession of a large quantity of methamphetamine for sale.

One aggravating circumstance is sufficient to impose the upper term. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1263 ["Only a single aggravating factor is required to impose the upper term"], citing *People v. Osband* (1996) 13 Cal.4th 622, 728; see also *People v. Sandoval* (2007) 41 Cal.4th 825, 839; *People v. Flores, supra*, 75 Cal.App.5th at pp. 500-501; *People v. Salazar* (2022) 80 Cal.App.5th 453, 465.)

D.      *Aggravating circumstances not properly established*

Three additional aggravating factors considered by the trial court were not based on facts found in compliance with Senate Bill 567. Specifically, that defendant had served prior prison terms (rule 4.421(b)(3)) and had performed poorly on parole (rule 4.421(b)(5)), as well as that defendant's prior convictions were "numerous." (Rule 4.421(b)(2).) These aggravating circumstances were not established based on underlying facts found true beyond a reasonable doubt or stipulated to by the defendant.

8

Accordingly, applying Senate Bill 567 retroactively, it was error to consider those factors as supporting the imposition of an upper term sentence.

E.     *Prejudice*

Because the error is purely one of state law, the harmless error test in *People v. Watson* (1956) 46 Cal.2d 818, 836 applies. (*People v. Epps* (2001) 25 Cal.4th 19, 29.) The test is whether, " 'after an examination of the entire cause, including the evidence,' [the reviewing court] is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Watson, supra*, at p. 836; see also Cal. Const., art. VI, § 13; *People v. Price* (1991) 1 Cal.4th 324, 492 ["When a trial court has given both proper and improper reasons for a sentence choice, a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper"].) A reasonable probability of a more favorable result exists where the improper factor was determinative for the sentencing court or where the reviewing court cannot determine whether the improper factor was determinative. (*People v. Avalos* (1984) 37 Cal.3d 216, 233; cf. *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [when sentencing court is unaware of the scope of its discretionary powers, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion' "].)

Applying these standards, we must ask two questions to determine whether the trial court's errors were harmless. First, would any of the facts underlying the three improperly found aggravating circumstances have been found true beyond a reasonable doubt if submitted to the trier of fact? (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 467, fn. 11; cf. *People v. Epps, supra*, 25 Cal.4th at pp. 29-30 [no reasonable probability of a result more favorable to the defendant had the jury, instead of the court, determined that defendant suffered disputed prior convictions].) Second: excluding any factors we

9

cannot conclude would have been found true in a permissible manner, is there a reasonable probability the trial court would have imposed a more lenient sentence? (*People v. Price, supra*, 1 Cal.4th at p. 492; *People v. Avalos, supra*, 37 Cal.3d at p. 233.)

In response to the first question, we conclude a trier of fact would have found true beyond a reasonable doubt the facts underlying the three factors related to defendant's criminal history. In making this determination, we are mindful that we "cannot necessarily assume that the record reflects all of the evidence that would have been presented had aggravating circumstances been submitted to the jury." (*People v. Sandoval, supra*, 41 Cal.4th at p. 839.) "[A]lthough defendant did have an incentive and opportunity at the sentencing hearing to contest any aggravating circumstances mentioned in the probation report . . . , that incentive and opportunity were not necessarily the same as they would have been had the aggravating circumstances been tried to a jury," because the standard of proof was lower and because defense counsel may have adopted a different strategy with a jury factfinding than with a judge who is both factfinding and sentencing. (*Ibid.*)

With the exception of the burglary conviction that defendant admitted, defendant's prior convictions, prior prison terms, and poor performance on parole were established in the probation report, based on official records. (See Evid. Code, § 664 [official duty presumed regularly performed].) Defendant did not challenge these facts, despite having the opportunity to mitigate his sentence by doing so. Had the official records been wrong, there would have been no strategic reason for defendant not to point out the error. We conclude that a trier of fact would have concluded that defendant suffered numerous prior convictions, served prior prison terms, and performed poorly on probation and parole beyond a reasonable doubt.

Thus, all of the aggravating circumstances originally considered by the trial court survive retroactive application of Senate Bill 567. And, we note that the trial court found

no mitigating circumstances at the sentencing hearing and the probation report noted none. Accordingly, remand for resentencing is unnecessary.

## II

### *Drug Program Fee*

At the sentencing hearing, the trial court said, "There's a lab analysis fine of $50, [Health and Safety Code section] 11372.7 program fee, $150, plus penalty assessments, totals 705." On the abstract of judgment, this part of the sentence was recorded as "$705 Drug Program Fee per HS 11372.7(a) for each qualifying offense." Health and Safety Code section 11372.7, subdivision (a) provides for "a drug program fee in an amount not to exceed one hundred and fifty dollars ($150) for each separate offense."

"The trial court is generally required to include all aspects of a judgment in its oral pronouncement of judgment. [Citation.]" (*People v. Leon* (2020) 8 Cal.5th 831, 855.) "Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error. [Citation.] The abstract of judgment 'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.' " (*Ibid.*, quoting *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

"Courts may correct clerical errors at any time, and appellate courts . . . have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell, supra*, 26 Cal.4th at p. 185.)

Under these authorities, defendant is entitled to have the abstract corrected to reflect a drug program fee of $150.

## DISPOSITION

The clerk of the superior court is ordered to prepare a corrected abstract of judgment to reflect a drug program fee of $150 under Health and Safety Code section

11

11372.7, subdivision (a), and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

      KRAUSE      , J.

We concur:

      ROBIE      , Acting P. J.

      HULL      , J.